BENJAMIN B. BROWN *vs.* NATHANIEL M. JEWETT & another.

Suffolk. March 28. — April 5, 1876. COLT & LORD, JJ., absent.

On the issue whether a signature, on a note in suit, is that of the defendant, the plaintiff may call the counsel of the defendant as a witness, if he is not required to disclose any matter of confidential communication, or to base his opinion upon any statement of the defendant to him as counsel.

On the issue whether a signature, on a note in suit, is that of the defendant, admissions contained in a bill in equity brought by the defendant against the present

plaintiff are competent evidence, if the present defendant signed and made oath to the bill, or if it was signed by counsel authorized by him to bring the bill for a purpose which implied the admission of the signature to the note.

CONTRACT against the indorsers of a promissory note for $1500.

At the trial in the Superior Court, before *Pitman*, J., the plaintiff offered evidence to prove that he purchased the note from the maker thereof, and proved the protest of the note and due notice to the defendants. The plaintiff then called the junior counsel of the defendants, then engaged in the trial of the case before the court, as a witness, for the purpose of proving by him the signatures of the defendants upon the note. The defendants objected to his being so called, on the ground that, being counsel for the defendants, and then engaged in the trial of the action, he was not a proper or competent witness for the plaintiff; but the judge overruled the objection. The witness was then asked if the signatures on the back of the note were the signatures of the defendants, to which the defendants objected; but the judge allowed the question, saying that the witness was not required to disclose any matters of confidential communication, or to base his opinion upon any statements of the defendants to him as counsel. The witness answered: " I do not know. I have a belief that it may be their signature. It has some points of resemblance ; but I am not positive, not having seen them write the same." In answer to further inquiries from the plaintiff, under the defendants' objection, the witness testified that he had been counsel for the defendants for two years, and had seen them write their names four or five times. The witness, upon further examination, added: " I should, rather doubt the second name." Upon cross-examination the witness said : " I have not seen them write often enough to have any opinion of their signatures, independently of facts communicated to me by the defendants, while counsel in the case."

To further prove the signatures of the defendants, the plaintiff offered in evidence a bill in equity, brought in the Supreme Judicial Court of this Commonwealth, in which the present plaintiff was defendant, and proved that the same was signed and sworn to by the defendant Pitcher, and signed by the other defendant by counsel, in which the defendants prayed that their

names might be stricken off the note in question. The defendants objected, on the ground that such proof was incompetent for the purpose for which it was introduced; but the judge ruled that the statements contained in the bill in equity were competent evidence against the defendant Pitcher, who had signed and sworn to the bill, and would be competent evidence that the defendant Jewett had indorsed the note, if the jury believed that he had authorized the bill to be signed by counsel. The plaintiff again called the counsel for the defendants, and asked him if he had authority from the defendants to bring the bill in equity, to which the defendants objected; the witness answered, that he was so authorized by them. On cross-examination, he stated that he was authorized by the defendant Pitcher to bring the bill and to use the name of the defendant Jewett therein, and sign his name thereto, and that he now remembered that the defendant Jewett was at that time absent from the city. The plaintiff then called a witness, who testified that he was present at the hearing before this court upon the bill in equity, and that the defendants were both present and testified that they intended to pass only a title to the mortgage, which accompanied the note, and not to become liable upon the note; and that they did not deny that they signed the note. On cross-examination, the witness stated he was not positive that both defendants were present. The defendants objected to the witness being allowed to testify to statements heard by him at the hearing in the equity suit; but the judge admitted the evidence. The plaintiff testified that he did not know the defendants' signature; that he was present at the hearing on the bill in equity, and thought only one of the defendants was present, and that the defendant Jewett was not there.

The judge instructed the jury that the bill in equity was proper and competent evidence, to prove all material allegations contained therein, against the party who signed the same, so far as they bore upon this issue, and also against the person not signing, if he authorized the bringing of the bill for the purpose set forth in the bill, so far as such purpose implied an admission of the indorsement in question, and submitted the whole case to the jury, under instructions not otherwise excepted to.

The jury found for the plaintiff and the defendants alleged exceptions.

*E. C. Bumpus & E. M. Johnson*, for the defendants.

*B. C. Moulton*, for the plaintiff.

BY THE COURT. The evidence was rightly admitted, and was submitted to the jury with well guarded instructions.

*Exceptions overruled.*