## J. W. A. REDHOUSE *v.* R. J. GRAHAM.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 6, 1911.                DECIDED DECEMBER 12, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*absent witness.*

Testimony given at a former trial of a case by the plaintiff is not admissible in evidence at a subsequent trial of the case on the ground that the plaintiff is absent from the Territory, where it appears that he had ample time and opportunity to apply for

a continuance, as well as to have had his testimony or deposition taken, but failed to do so.

ATTACHMENT—*Acts* 52, 84, *L.* 1905.

The affidavit required by Act 84, Laws of 1905, filed for the purpose of obtaining a writ of attachment, is not a compliance with Act 52, Laws of 1905, because the affidavit filed does not show, as Act 52 requires, "that all the goods have been delivered."

JUDGMENT—*no evidence—nonsuit.*

The plaintiff offering no evidence in support of his claim, the court should direct a nonsuit to be entered.

### OPINION OF THE COURT BY DE BOLT, J.

The plaintiff brings this case here on exceptions from the circuit court of the first circuit. The action is in assumpsit and was instituted in the district court of Honolulu by the plaintiff to recover from the defendant the sum of twenty-five dollars, being the balance of the purchase price of a chronometer alleged to have been sold and delivered by the plaintiff to the defendant. The plaintiff verified his claim as required by Act 84, Laws of 1905, relating to attachments, and had certain personal property of the defendant attached as security for the satisfaction of such judgment as he might recover.

The plaintiff having recovered judgment in the district court on July 21, 1911, for the amount claimed, the defendant thereupon appealed to the circuit court, and on October 14, 1911, the case came on for trial *de novo* before the court, jury waived, and the parties appearing by their respective attorneys, it was shown by the testimony of Mr. T. M. Harrison, the plaintiff's attorney, that the plaintiff had left this Territory on September 10, 1911, on a sailing vessel bound for Hong Kong, where he would not arrive "until the latter part of this month"—October; that the plaintiff had no definite arrangement or intention of locating in Hong Kong, or in any other particular place, nor of returning to this Territory; that a few hours before leaving Honolulu he assigned the claim in question to his attorney, Mr. Harrison, but that for some time prior thereto he had re-

fused to execute the assignment on the ground that he did not know whether he would leave the Territory or not before the case would come on for trial. The assignment was then offered in evidence on behalf of the plaintiff, to which the defendant objected; the objection was sustained and the evidence was rejected by the court on the ground that it was immaterial. We are thus presented with the novel situation of a plaintiff offering evidence showing that he has no claim against the defendant, to which offer of evidence the defendant objects. The plaintiff has no reason to complain of the ruling of the court upon this question.

Counsel then, because of the absence of the plaintiff (he having testified as a witness in his own behalf in the district court), offered to prove by the clerk of the district court and by his notes of the plaintiff's testimony taken as such clerk at the trial of the case in that court, and also by others who were present at the trial, what the plaintiff had there testified to. This testimony was also rejected by the court on the ground that no sufficient reason had been shown why the plaintiff could not have appeared in court and testified, or have had his deposition taken. It is clear that the court was right in rejecting the evidence offered for the purpose of proving the testimony of the plaintiff in the district court. It does not appear that any effort whatsoever was made at any time before the departure of the plaintiff from the Territory to have his testimony taken; nor was any application made to the court, either before or after his departure, for a continuance of the case until his return, or for any time, or for the purpose of having his testimony or deposition taken; nor is any sufficient reason given why his testimony or deposition was not taken; nor does there seem to have been any understanding, or arrangement, that after his departure, he would advise his attorney as to his whereabouts, or that he would give any further thought or attention to the case. Even though the case, under the provisions of Act 50, Laws of 1907, could not have been brought on for trial during the months of July

and August, as counsel argues, still, this did not prevent the plaintiff from having his testimony or deposition taken to be used at the trial of the case when reached by the court. It is clear that the plaintiff has failed to avail himself of the various opportunities which were open to him to have had his testimony before the court, to say nothing of the unique position of a party to an action seeking to show his own unavailability as a reason for introducing secondary evidence. And in this connection we deem it proper to observe that Redhouse is the plaintiff in this action, notwithstanding the assignment offered in evidence and rejected by the court below.

The plaintiff also contends that he was entitled to judgment on the pleadings. He bases this contention on the fact that the affidavit filed for the purpose of obtaining the writ of attachment, was also a compliance with the requirements of Act 52, Laws of 1905, relating to suits on open accounts. We cannot accept this view. Act 52 requires that the affidavit shall show "that all the goods have been delivered." The affidavit filed does not show this fact, though the complaint, which was not sworn to in this respect, does allege the fact of delivery. Act 52 also provides that the defendant may make and file a counter affidavit to the plaintiff's claim. This is an important right, and to construe the affidavit filed as being a compliance with the requirements of Act 52, would operate, in effect, to deprive the defendant of this right to make his defense. Act 84, supra, under which the affidavit before us was made and filed, contains no such provision as to the right to file a counter affidavit as that of Act 52, and the defendant cannot be held to have contemplated the necessity of making and filing a counter affidavit as a defense upon the merits.

The plaintiff having no further evidence to offer, the defendant moved for judgment, and the only remaining contention of the plaintiff, which we are now required to notice, is, that the court, in response to the defendant's motion, erred in ordering, "that judgment be entered for the defendant against

the plaintiff, that the plaintiff take nothing, and that the defendant recover from the plaintiff the costs of this action," instead of directing, as it is urged the court should have done, that a nonsuit be entered against the plaintiff. It is argued that the judgment ordered is an adjudication and could be pleaded in bar of another action brought upon the same facts between the same parties, or their privies. It will be observed, however, as we have already pointed out, that no evidence was introduced by either party as to the merits of the plaintiff's claim, and there was manifestly nothing to be submitted to the court for its consideration which in any way involved the merits of the case. When the plaintiff failed to go forward with his case, for lack of evidence, there was nothing for the court to do but order a nonsuit. The action of the court in ordering judgment to be entered for the defendant and against the plaintiff, purporting to adjudicate the case upon its merits, was error, but without prejudice to the plaintiff, as the record before us is clear that the court only directed the judgment to be entered because the plaintiff failed to introduce any evidence; and hence, the record upon its face is conclusive, that no issue of fact or of law was tried or adjudicated, and therefore, the judgment ordered cannot operate in bar to another action by the plaintiff. A judgment to be conclusive must be final upon the merits. It is obvious that the judgment ordered can only operate as a nonsuit. *Webb* v. *Wegley,* 125 N. W. 562, 565.

"The dismissal of a bill in equity, or of an action at law, not on the merits, but because plaintiff declines further prosecution of it, has no greater effect than a nonsuit, and is no bar to a subsequent suit founded on the same matters." 23 Cyc. 1151. See Id. 1136, 1139.

The exception taken to the ruling of the court in directing judgment to be entered for the defendant and against the plaintiff is sustained. All the other exceptions are overruled.

To obviate any future controversy which might arise as to the judgment which the court ordered to be entered, we deem

it proper to direct the court below to enter a judgment of nonsuit.

*T. M. Harrison* for plaintiff.

*R. W. Breckons* for defendant.