HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA.

No. 1345.

ERROR TO CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED OCTOBER 19, 1922.          DECIDED NOVEMBER 10, 1922.

PETERS, C. J., LINDSAY, J., AND CIRCUIT JUDGE O'BRIEN
IN PLACE OF PERRY, J., DISQUALIFIED.

APPEAL AND ERROR—*review—findings of court jury waived.*

> A holding by this court upon an interlocutory bill of exceptions to review the denial by the trial court (jury waived) of a motion by defendant for nonsuit, that plaintiff upon certain issues of fact had made out a *prima facie* case, is equivalent to a holding that there is sufficient evidence to sustain ultimate findings by the trial court in favor of plaintiff upon the same issues.

TRIAL—*continuance.*

> No abuse of discretion appearing, held: That a motion for a continuance was properly denied.

OPINION OF THE COURT BY PETERS, C. J.

Defendant in error, plaintiff below, brought ejectment for possession of certain lands on the Island of Hawaii claiming an undivided interest therein as one of the children and heirs at law of the late T. K. Lalakea. The defendant, a son of the decedent, claimed the lands in entirety under a deed from his father to him dated March 6, 1915, alleged to have been executed by the deceased and delivered to his son about two months prior

to the former's death. The case was here once before upon an interlocutory bill of exceptions whereby was presented for review the refusal of the trial court (trial was had jury waived) to grant defendant's motion for a nonsuit. This court held that the motion had been properly denied. (See 25 Haw. 470.)

After remand further trial was had resulting in a judgment in favor of the plaintiff. The court in no uncertain language found that the signature of T. K. Lalakea, as subscribed to the deed, was a forgery and had never been executed by him, and even assuming the same to be genuine delivery of the deed had never been made by the grantor to the grantee. Errors are assigned to these findings.

Upon the interlocutory bill of exceptions to the denial of defendant's motion for a nonsuit this court held that the plaintiff had made out a *prima facie* case in support of her claim and that the signature of her father to the deed under which the defendant claimed was a forgery and the deed was never executed by her father, and even if the signature were genuine no delivery of said deed had been made by the grantor to the grantee. This being so there was obviously sufficient evidence to sustain the ultimate findings of the trial court upon the same issue.

Plaintiff in error also assigns as error the refusal of the trial court to grant him a continuance for a week to permit one of his attorneys, Carl S. Carlsmith, Esq., lately employed by him, to prepare the case for further trial. It appears from the record that the defendant below was originally represented by Messrs. W. S. Wise and W. H. Smith of the Hilo bar; that these gentlemen conducted the case for the defendant in the trial court up to the motion for a nonsuit and in this court upon interlocutory exceptions thereto; that on June 17, 1920, the cause having been duly and regularly called for

further disposition, Mr. Wise orally requested a continuance until the return of his associate, Mr. W. H. Smith, who was then absent from Hilo on the mainland of the United States, but if this request did not meet with the court's approval that the case be not set for trial earlier than the following week; that counsel's request for such continuance was refused and the case was set for further trial upon the following day at 10 A.M.; that same afternoon (June 17, 1920), after the case had been thus set for trial, Messrs. Carlsmith & Rolph, also attorneys of Hilo, entered their general appearance as attorneys for defendant, their firm, as appears from the affidavit of Mr. Carlsmith hereinafter referred to, having been retained on that day; that the case did not proceed to hearing on June 18, 1920 (for what reason we are not informed), and on June 24 was reset for trial for June 28 following; that on June 28 and at the time set for trial defendant presented a motion for a continuance for a week supported by the affidavit of his attorney Mr. Carlsmith. This affidavit is in substance as follows: That the firm of Carlsmith & Rolph, of which affiant was a member, was retained by the defendant at noon on June 17, 1920, to represent him in the instant case (hereinafter in connection with said affidavit referred to as the Makainai case) and two other matters pending in the fourth circuit court, to wit, the Estate of T. K. Lalakea, Deceased, of which Solomon Lalakea was administrator, and an action by Solomon Lalakea, as such administrator, against one Todd upon a promissory note to which, in addition to the defenses permitted under a general denial, notice had been given of the defense of want of consideration, fraud and misrepresentation; that court proceedings in all said matters are imminent; in the matter of the Estate of T. K. Lalakea an order had been served on the administrator to show cause why he should not

file his final accounts and apply for his discharge and the master, to whom had been referred the accounts in said estate covering the past four years, had requested the administrator to present evidence to sustain certain of said accounts; the Todd case and the Makainai case had been mentioned by the court as likely to be set for an early date—in fact, on the afternoon of June 17 affiant had been advised by the court to prepare for an early trial in both cases; that the estate matter before the master involved surcharges of $6000 to $10,000, which the master upon the then state of the case was inclined to recommend; that the principal of the claim in the Todd case was $1621.65 and the value of the property involved in the Makainai case was $400,000; that in connection with the estate matter and the Todd case affiant performed the following services: On June 17 he drew and filed a return to the show cause in the estate matter and in the afternoon presented the same to the court consuming most of the afternoon and resulting in a continuance to an indefinite date and until the disposition of the Todd case; June 18 and late into the night of the same day and all of June 19 he devoted to the accounts of the administrator before the master, making a careful examination of the accounts and consulting with and examining the administrator and his attorneys; he also spent an entire day prior to the trial of the Todd case in appearing before the master upon the accounts, submitting evidence in support thereof; on June 18 and 19 he devoted such time as his other engagements permitted, and on June 20 and on the evening of that day and on June 21 and on June 22 before court hours devoted his time exclusively to the preparation for the trial of the Todd case, the trial of which began in the morning of June 22 and continued until noon of June 24; that Mr. Rolph, the other member of the firm, was otherwise exclusively

engaged and was not available for any assistance; that
W. H. Smith, one of Lalakea's attorneys, was absent on
the mainland; that Mr. Smith at the time of his de-
parture, by reason of the previous illness of the judge of
the fourth circuit court and the statute prohibiting trials
of all term cases during July and August, was under the
impression that the trial of the Makainai case would not
come up until September following; that it was now im-
possible to secure Mr. Smith's presence or communicate
with him; that W. S. Wise, the other attorney for Lalakea
in the Makainai case, would be of no considerable assist-
ance to affiant because he was a man advanced in years,
in poor health, deaf and had made no preparation for
the trial; that affiant had no previous knowledge of the
facts or the law involved in the Makainai case and had
been confined in his investigation thereof to the records
and memoranda of Mr. Smith and to the facts obtainable
from his client and his associate, Mr. Wise; that due
to the preparation necessary in the estate matter and
the accounts of the administrator before the master, the
preparation for trial in the Todd case and his court en-
gagements in connection therewith and the but frag-
mentary data left by Mr. Smith affiant had had no time
to investigate the record in the Makainai case and had
been unable to sufficiently and adequately prepare the
defense in said case and if forced to proceed at the time
set he would be unable by reason of lack of preparation
to fairly, fully and adequately present the defense.    In
support of the motion for a continuance Mr. W. S. Wise
took the stand and testified in substance that by reason
of defective hearing he had not for the past two years
undertaken any cases that required close attention; that
although he had been present at the earlier partial trial
of the Makainai case his associate, Mr. Smith, had con-
ducted the trial; that he had made no preparation for

the further trial of the case; that sometimes he heard what was going on in court and sometimes not; that he was senior counsel for Lalakea and had lately acted as one of his attorneys upon a hearing in connection with the estate matter and other matters that had consumed altogether eleven days; that he appeared as one of the plaintiff's attorneys upon the trial of the Todd case, but confined himself in the main to uncontested matters.

The court denied the motion for a continuance. According to the transcript of the evidence the court said: "The court feels that this motion is largely discretionary and that it has been dispelled by the oral evidence of Judge Wise and that being the only reason presented at this time why the motion should not be granted the motion is therefore overruled." Either the stenographer did not get all that the court said or the transcription is faulty. We take its meaning to be that whatever doubt the court might have entertained as to Mr. Wise's physical ability to proceed it was dispelled by the oral evidence of Judge Wise and the motion being largely discretionary that he would accordingly deny the motion. The court had already, on June 17, expressed itself as satisfied that Mr. Wise was otherwise capable of handling the case. The court in its decision on the merits enlarged upon its reasons for its denial of the motion for a continuance in the following language: "On June 28, 1920, Carlsmith & Rolph filed a motion for a continuance for one week, which motion for a continuance was predicated upon an affidavit signed by Mr. Carlsmith. If the motion was granted it would have meant a continuance of this case until September 1, 1920, as the statute prohibits the trial of a case of this nature during July and August. The statute does not read that 'no trial shall be begun,' but that 'no trial shall be had,' etc. Testimony taken on the motion attempted to convey the impression to the court

that W. S. Wise would be of no assistance to associate counsel by reason of his deafness and Judge Wise demonstrated to the court beyond the shadow of a doubt that his hearing is splendid. Mr. Wise has been counsel for defendant from the inception of this case and took an active part at the time plaintiff presented her evidence. Mr. Wise has been an active practitioner before the present judge for the past four years. Mentally and physically his powers are unimpaired. He demonstrated in open court that his hearing is good and he has been engaged in the active practice of his profession prior to and subsequent to this trial."

Did the court in denying the motion for a continuance abuse its discretion? We think not. The purpose of the continuance was to permit counsel to prepare himself upon the law and the facts of the case. The law had already been decided by this court upon exceptions to the court's denial of defendant's motion for a nonsuit. The same questions of law on the merits were presented on this appeal as upon the interlocutory appeal and we assume that the same situation existed below upon final submission. At the then stage of the case two definite issues of fact, to wit, forgery and nondelivery, were presented and had to be met by the defendant. The plaintiff had presented all her evidence in relation thereto upon rebuttal. The defendant was confined, and his preparation for trial limited, to these issues. It does not appear that all of the witnesses with knowledge of the facts were not called by either of the parties. The time intervening between June 17 and June 28 would appear to have been reasonably sufficient under all of the circumstances for counsel to prepare himself for further trial. The trial court found that the associate counsel, Mr. Wise, had been the defendant's attorney during the entire course of the litigation and was well equipped to continue so to act

and it is to be assumed that he was well able to give his new associate valuable assistance in the premises. That other matters of this defendant engrossed counsel during that period is unfortunate. Counsel, however, when retained on June 17, was at liberty to refuse employment or secure further assistance of other attorneys in reference thereto and confine his energies to this case, which as far as we can ascertain from the record, was far superior in importance and amount involved. After the trial was concluded counsel on both sides were given ample opportunity to brief the law and the facts. The record fails to disclose that a motion for a new trial was made by defendant upon the ground of newly discovered evidence and in the absence of any showing that defendant was deprived of competent and material evidence it is to be presumed that all available evidence was submitted upon the trial.

That the court assumed that the trial of a term case could not be continued during the months of July and August is immaterial. The ruling of the trial court upon the motion for a continuance is not based solely upon that ground but upon all of the circumstances existing and brought to the attention of the court.

Such other and further assignments of error not covered by the foregoing have been carefully considered and found without merit.

The judgment of the trial court is affirmed.

*A. G. Smith* (*C. S. Carlsmith, W. H. Smith* and *Smith & Wild* on the briefs) for plaintiff in error.

*J. Lightfoot, Henry Holmes* and *H. Edmonson* (*Lightfoot & Lightfoot, H. Holmes, H. Edmonson* and *J. W. Russell* on the briefs) for defendant in error.