# WILLIAM C. MEYER, ET AL. v. TERRITORY OF HAWAII.

## No. 2426.

ARGUED NOVEMBER 11, 1943.        DECIDED DECEMBER 30, 1943.

### PETERS AND LE BARON, JJ.

*Per Curiam.* This is a motion by plaintiffs-appellants to tax costs and disbursements allowable to the prevailing party upon final judgment against the Territory under the provisions of Revised Laws of Hawaii 1935, section 3795, as amended by Session Laws 1937, Act 126.

The motion was summarily denied upon submission, an opinion embodying our reasons therefor to be subsequently filed as convenience permitted.

The action from which the motion stems purports to be in assumpsit at law. Suits against the government are permitted by the provisions of Revised Laws of Hawaii 1935, sections 4420 to 4429, both inclusive, of chapter 127, on claims against the Territory founded upon contracts with the Territory, express or implied, original jurisdiction of which is reposed in the several circuit courts. Upon trial had in the circuit court of the first circuit, jury waived, judgment was entered in favor of the defendant and against plaintiffs, from which the latter appealed to this court by way of exceptions pursuant to the provisions of Revised Laws of Hawaii 1935, sections 3530 to 3535, both inclusive.

Upon the appeal, this court held that the circuit court was without jurisdiction of the subject matter of the action and accordingly reversed the judgment of that court and remanded the cause with directions to dismiss the same

unless plaintiffs-appellants established jurisdiction of the subject matter. (See 36 Haw. 75.)

Plaintiffs-appellants are entitled to be taxed their costs and disbursements, as itemized in their cost bill, provided they come within the provisions of the statute allowing the same. The pertinent portion of section 3795, as amended, *supra*, is quoted in the margin.[1] From its provisions it is apparent that in order to entitle an appellant in an action at law against the Territory to have returned to him all deposits for costs made by him and to be reimbursed all his actual disbursements, not including attorneys' fees or commissions, he must not alone be the prevailing party but also must have obtained a final judgment against the Territory. Both prerequisites must coexist. In the event of his not being the prevailing party or not having obtained a final judgment, he is not entitled to the costs and disbursements allowable under the statute.

It will suffice for the disposition of this case to determine the single question of whether the plaintiffs-appellants obtained a final judgment in this court. The term "final judgment" is a relative one and the meaning to be attributed to it depends more often than not upon the sense in which it is used. It may mean one thing when used in connection with appeals from judgments, another in connection with the conclusiveness of judgments, and another in connection with liability for costs. The finality of a judgment or decree for the purpose of

---

[1] "In all cases in which a final judgment or decree is obtained against the Territory, county, city and county or other political subdivision or any board of commission thereof, any and all deposits for costs made by the prevailing party shall be returned to him, and he shall be reimbursed by the Territory, county, city and county, or other political subdivision or board or commission thereof, as the case may be, all actual disbursements, not including attorneys fees or commissions, made by him and approved by the court."

appeal has been a subject of frequent inquiry in this court. From the decisions it appears that final judgments or decrees, considered from the standpoint of appealability, may be divided into two classes: one, where the judgment or decree is final in its nature though not determinative of the whole case upon its merits; the other in its stricter sense, *i.e.*, where the judgment or decree is the last judgment or decree and disposes of the whole case upon its merits. This distinction is emphasized in *Kalanianaole* v. *Liliuokalani*, 23 Haw. 457; *Dole* v. *Gear*, 14 Haw. 554; *Humburg* v. *Namura*, 13 Haw. 702; *Barthrop* v. *Kona Coffee Co.*, 10 Haw. 398.

To be conclusive a judgment must be final. (*Redhouse* v. *Graham*, 20 Haw. 717.)

From the standpoint of ultimate liability for costs, this court, in construing Rule XIV of the circuit courts providing "costs shall follow judgment in all original actions in this Court," has held that the liability to pay costs of the original trial and two succeeding new trials in the circuit court was not determined until the final judgment. (*Kamalu* v. *Lovell*, 5 Haw. 181.)

In our opinion the term "final judgment" as employed in section 3795, as amended, is used in its stricter sense, *i.e.*, the last judgment, finally disposing of the whole case upon its merits no matter how many appeals or new trials may have been had in arriving at the ultimate determination.

It may be observed, in conclusion, that Revised Laws of Hawaii 1935, section 4428, included in Revised Laws of Hawaii 1935, chapter 127, *supra*, providing that the "judgment of the supreme court in all matters brought before it on exceptions or appeal, under the provisions of this chapter, shall be final," if impliedly amendatory of Revised Laws of Hawaii 1935, section 3534, in respect to judgments in this court in any case in which exceptions

606

have been allowed cannot serve to render a judgment final which in effect is interlocutory and does not finally dispose of the merits of the case.

*P. Cass* for the motion.

*J. G. Anthony* contra.