JOHN DE MELLO, JR., *v.* BOARD OF WATER SUPPLY, CITY AND COUNTY OF HONOLULU, AND CITY AND COUNTY OF HONOLULU.

No. 2117.

ARGUED AUGUST 2, 1934.          DECIDED AUGUST 25, 1934.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to quash a bill of exceptions. The ground of the motion is that the exceptions are too general

to justify a review of the case by this court. The action out of which the question presented arises is in assumpsit in which the plaintiff sought to recover from the defendants a specified amount. At the conclusion of the plaintiff's evidence and after he had rested the defendants recalled two of plaintiff's witnesses for further cross-examination. Upon the conclusion of this cross-examination the defendants moved for a judgment on the pleadings on the ground that there was a failure of proof to support the allegations of the complaint. The court declined to grant the motion but in lieu thereof ordered an involuntary nonsuit. This order was preceded by an oral decision in which the court gave at some length and with considerable detail its reasons for thinking the plaintiff's proof did not entitle him to a judgment under the pleadings, saying in conclusion: "It seems to the court that, while the court will not grant the motion for judgment as made by the commission, the court would have to nonsuit the plaintiff. The court, therefore, at this time will order an involuntary nonsuit to be entered against the plaintiff." To this oral order the plaintiff, by his counsel, Mr. Silver, reserved the following exception: "May I note an exception?" which exception was allowed. Several days following the oral decision the court rendered a written decision in which reference was made to the oral decision and the former made a part of the latter. In the written decision the court gave additional reasons why under the pleadings and proof the plaintiff should be nonsuited, concluding the decision as follows: "Many other reasons might be cited showing the insufficiency of pleading and proof justifying the decision that an involuntary nonsuit should be ordered against the plaintiff. In accordance with the decision sustaining the motion for an involuntary nonsuit, let the same be entered." A judgment of nonsuit was accordingly entered and the plaintiff's action was dis-

missed. To the decision and judgment the plaintiff reserved and was allowed the following exception: "Comes now John de Mello, Jr., the above named plaintiff, and hereby enters his exception to the written decision and judgment of the above entitled court heretofore entered herein."

It is contended by the movant that the exceptions taken come within the condemnation of the rule announced and applied in *Ryan* v. *City and County, ante* p. 92. More specifically, the contention is that under the rule laid down in the *Ryan* case the exceptions, in order to meet the requirements of that rule, should have specified wherein the court erred in ordering a nonsuit against the plaintiff.

This brings us to the question of whether that case presented a situation so essentially different from that now confronting us as to render the rule upon which it was decided inapplicable. That case was an action to recover damages arising out of injuries to the plaintiff caused by the negligence of the agents of the City and County of Honolulu. Both parties introduced their evidence and at the conclusion of the case the presiding judge rendered a decision and judgment in favor of the plaintiff. Exceptions to the decision and judgment were upon the sole ground that they were "contrary to law, the evidence and the weight of the evidence." The case came before this court upon the plaintiff's motion to quash and dismiss the defendant's bill of exceptions on the ground that the exceptions to the decision and judgment (the only exceptions relied upon) were too general to require consideration. The contention of defendant was that the exceptions relied on presented but a single question of law and were therefore sufficient. This, however, was not in conformity with the fact. This appears from our opinion, in which it was said (p. 95): "The decision of the trial judge

contains specific 'findings of fact' covering nine typewritten pages; and it contains several conclusions of law, among them the following: 'The court concludes as a matter of law * * * that the activity of the City and County of Honolulu in its bureau óf road maintenance, street cleaning and garbage does not come within the theory of immunity usually termed "governmental function." On the contrary this court concludes as a matter of law that the furnishing of the service covered by the case at bar is one for which liability for negligence of the employees of the city attaches. The court also concludes as a matter of law that under the facts in evidence a temporary nuisance and dangerous menace was created by the servants of the city themselves and hence the doctrine of notice does not apply.' General and special damages were awarded in the gross sum of $10,000. The exceptions before us do not specify which, if any, of the numerous findings of fact above referred to are not supported by the evidence or which, if any, of the conclusions contained in the said decision are contrary to the law. Defendant's two exceptions, if considered, would cast upon this court the burden of searching through a voluminous record to find whether or not there is evidence to support each of said findings of fact, whether or not defendant's rights were preserved and opportunity for correction of error was given to the opposing party and to the trial court by timely motion or objection and exception and whether or not each of the trial judge's conclusions of law was founded upon established fact and correct principle. These are sufficient grounds under the authorities cited for refusal to consider the exceptions."

The case at bar, however, presents an entirely different situation. Here the plaintiff alone had introduced evidence and upon that evidence the trial judge nonsuited him. The exceptions taken presented but one question to

the trial court for correction and they present but one question to this court for review. That question is whether the plaintiff has, from his entire evidence, made out a *prima facie* case under the allegations of his complaint.

In *Makainai* v. *Lalakea,* 25 Haw. 470, the defendant moved for a nonsuit after the plaintiff had introduced her evidence and rested. The motion was overruled. It appears from the record that the defendant reserved a general exception. This court held that under this exception the plaintiff's evidence should be examined as a matter of course in order to determine whether the plaintiff had supported her claim. At page 472 of the opinion it is said: "The interlocutory bill of exceptions presents only one exception for the consideration of this court at this time, namely, the exception to the overruling of the motion for a nonsuit. This involves of course an examination of the evidence introduced by the plaintiff to substantiate her claim that the deed was never executed by her father T. K. Lalakea, and if executed was never delivered to the defendant."

It was held by the supreme court of North Carolina, in *Locklear* v. *Savage,* 159 N. C. 236, 240, that on an exception to a judgment of nonsuit the court must review the whole evidence.

The law is well stated in *Brown* v. *Warren,* 16 Nev. 228, which was an action to recover possession of land. The plaintiff was nonsuited and appealed from the judgment of nonsuit on a general exception. In its decision the appellate court said (pp. 231, 232) : "It is claimed by counsel for respondents that the judgment below should be affirmed, because the statement on appeal does not specifically state the errors or grounds upon which appellant intends to rely on the appeal, as required by section 332 of the civil practice act. The only specification of error is in these words: 'To this decision and judgment of the court the plaintiff by his attorney, then and there duly ex-

cepted, and assigns the decision and judgment of nonsuit as error.' Counsel for appellant insist that the assignment stated is sufficiently specific. The law does not require a vain thing. It was incumbent upon the plaintiff, before resting, to make a *prima facie* case entitling him, in the absence of evidence against him, to all or some portion of the relief demanded. If he did not make such showing it was the duty of the court, upon a proper motion, to enter a judgment of nonsuit. In case of an appeal, the statute requires the appellant to state, specifically, not only the particular errors or grounds upon which he intends to rely on the appeal, but, also, that the statement 'shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified, and no more.' In appealing from a judgment of nonsuit, the plaintiff and appellant must set out in his statement sufficient evidence, upon every material issue, to entitle him to judgment; and if that is shown by a settled statement, he is entitled to reversal; otherwise he must fail. The burden of showing facts establishing a *prima facie* case rests upon him, and he can show them in one way only; that is, by stating so much of the evidence produced by him as is necessary to justify a recovery. This being so, the appellant can make no more particular specification than was done in this case, except by restating the evidence or the legal conclusions resulting therefrom. He can only say the court erred in granting a nonsuit because the plaintiff made certain proof, stating it as it was given, or the substance of it, which entitles him to a judgment. *Such additional specifications would aid neither the court nor counsel upon the opposite side."*

For the foregoing reasons we think the instant case is not ruled by the *Ryan* case and that the motion to quash the bill of exceptions should be overruled.

*R. A. Vitousek* for the motion.

*P. Silver* contra.