## CLINTON O. KELTZ *v.* CEREAL & FRUIT PRODUCTS, LIMITED.

### No. 2324.

ARGUED JUNE 14, 1937.                    DECIDED JULY 14, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

*Per Curiam.* This is a motion to dismiss a bill of exceptions. The motion challenges the sufficiency of exceptions that were taken to the written decision and the judgment of the court below on the ground that they are too general to present to this court any specific question of law.

The exception to the written decision is as follows: "Comes now Clinton O. Keltz, Claimant herein, by J. Donovan Flint and Joseph V. Esposito, his Attorneys-at-Law, and excepts to the Written Decision of the Court heretofore entered."

The exception to the judgment is as follows: "Comes now Clinton O. Keltz, Claimant herein, by J. Donovan Flint and Joseph V. Esposito, his Attorneys-at-law, and

excepts to the Written Judgment of the Court heretofore entered."

In the instant case the claimant, in accordance with the provisions of the Workmen's Compensation Law, chapter 245, R. L. 1935, filed with the industrial accident board a claim for compensation arising out of an injury to his eye.

The board awarded him compensation for a total, temporary disability; and also compensation for a permanent, partial disability. From this award an appeal was taken by the employer to the circuit court, first judicial circuit. At the trial of the case in the circuit court, jury waived, only one issue was presented and that was whether, the evidence being undisputed, the claimant as a matter of law had sustained a partial, permanent disability. The circuit court decided this issue against the claimant and entered judgment accordingly. The conclusion was based solely upon the construction which the court placed upon certain provisions of the Workmen's Compensation Law.

Under these circumstances we think the motion comes within the reason of the rule announced in *De Mello* v. *Board of Water Supply*, 33 Haw. 133, where the court said in its syllabus: "When in a jury-waived case the plaintiff after having introduced his evidence and rested is nonsuited on the sole ground that the evidence introduced by him is insufficient to entitle him to a judgment under the pleadings and he excepts generally to both the decision and the judgment of nonsuit the exceptions are sufficient."

The motion is denied.

*W. R. Ouderkirk (Henshaw & Ouderkirk* on the brief) for the motion.

*J. V. Esposito (J. D. Flint* with him on the brief) contra.