DONALD WIXOM AND BETTY G. WIXOM *v.* STANLEY E. GILES AND GRACE GILES.

No. 2794.

ARGUED MAY 19, 1950.        DECIDED MAY 29, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

552

OPINION OF THE COURT BY KEMP, C. J.

This is a motion to dismiss a bill of exceptions, erroneously entitled "Motion to Dismiss Appeal." The grounds relied upon are stated in the affidavit of counsel for the appellees as follows: "that the record on appeal clearly indicates that the exceptions which were taken are too general and too vague for consideration; that the said exceptions failed to specify any error on the part of the Court below which is relied upon as grounds for the exception and appeal; that the bill of exceptions merely states that the plaintiffs excepted (1) to the motion of the defendants to discharge the garnishee, (2) to the sustaining of the demurrer, and (3) to the entry of judgment on the demurrer, and as such have failed to bring to the Supreme Court any question or error for review."

The record does not disclose an exception to the motion of the defendants to discharge the garnishee. However, the record does disclose that the plaintiffs did except to the order of the court discharging the garnishees.

The substance of the motion to discharge the garnishees is that the court is without jurisdiction to issue garnishee process in said cause in that the allegations contained in the complaint are insufficient to show that the relationship of debtor and creditor existed between the defendants and the plaintiffs.

The order of the court granting the motion and the exception thereto appear in the record and omitting formal parts are as follows:

"Defendants' Motion To Discharge Garnishees (heretofore filed herein on August 22, 1949) having duly and regularly come on before this Court for hearing, and it appearing to the satisfaction of the Court that the Court was and is without jurisdiction to issue garnishee process in the above entitled cause,

"NOW, THEREFORE, IT IS HEREBY ORDERED that the above named Garnishees, BISHOP NATIONAL BANK OF HAWAII and BANK OF HAWAII be and they are hereby discharged."

"Come now DONALD WIXOM and BETTY G. WIXOM, plaintiffs above named, by their attorney, ROBERT G. HOGAN, and hereby except to the order of court allowing the motion of defendants, STANLEY E. GILES and GRACE GILES, heretofore filed herein, to discharge and release the garnishees above named."

The decision of the court on the demurrer, the exception thereto, the judgment sustaining the demurrer, and the exception thereto, all appear in the record.

The substance of the decision on the demurrer is that "the relief which Plaintiffs are seeking is within the exclusive jurisdiction of a court of equity to consider.

"* * * In view of the fact that Plaintiffs' counsel has indicated that there is no point in further amending * * * said Demurrer is sustained without leave to amend.

"Judgment may be entered for the defendants and against the plaintiffs on the pleadings."

The exception to the decision follows:

"Come now DONALD WIXOM and BETTY G. WIXOM, plaintiffs above named, and hereby except to the decision of court sustaining the demurrer of STAN-

LEY E. GILES and GRACE GILES, defendants above named, heretofore filed herein."

The judgment entered pursuant to the decision on demurrer follows:

"IT IS HEREBY ADJUDGED that Defendants' Demurrer to Plaintiffs' Second Amended Complaint be and the same hereby is sustained, and that, based on the pleadings, Plaintiffs are entitled to recover nothing in this action."

The exception to the judgment follows:

"Come now DONALD WIXOM and BETTY G. WIXOM, plaintiffs above named, and hereby except to the order of the court, rendering and entering judgment on the pleadings in the above entitled matter, in favor of defendants, STANLEY E. GILES and GRACE GILES, and against plaintiffs."

The bill of exceptions settled and allowed by the circuit judge, omitting formal parts follows:

"BE IT REMEMBERED that the above entitled matter came on regularly for hearing on the 28th day of November, 1949, on the Motion of Defendants heretofore filed herein to discharge the Garnishees above named and on the Demurrer of Defendants heretofore filed herein, and the following proceedings were had and exceptions taken:

I.

"That, following argument, the court did grant the Motion of Defendants to discharge the Garnishees, to which the Plaintiffs duly excepted.

II.

"That, following argument, the court did sustain the demurrer of defendants, to all of which the Plaintiffs duly excepted.

## III.

"That thereafter the court did enter judgment on the demurrer in favor of defendants and against plaintiffs, to all of which, plaintiffs duly excepted."

It is apparent from the foregoing that the motion to discharge the garnishees and the order of court sustaining it present a single question of law. Neither the court nor opposing counsel would be assisted by an amplification of the exception by incorporating therein the words of the motion and the words of the order of court granting it.

On the authority of *De Mello* v. *Bd. of Water Sup.*, 33 Haw. 133, we hold that the general exception to the order discharging the garnishees is sufficient to bring to this court a single question of law proper for our determination.

It is also apparent from the record that the demurrer and the decision and judgment sustaining it present a single question of law and that neither the court nor opposing counsel would be assisted by an amplification of the exception by incorporating therein the words of the demurrer and the words of the decision and judgment sustaining the demurrer.

"A ruling on demurrer which appears on the face of the record should not be included in the bill of exceptions, as an appeal without the bill will bring up such ruling for review where an exception to such ruling is saved in the record." Appeal and Error, 3 Am. Jur., § 639, p. 246.

"The pleadings are a part of the record proper, and should not be included in the bill of exceptions.

"A demurrer is a pleading, and as such should be made part of the record proper; its preservation in the bill of exceptions is insufficient to preserve it for review in the appellate court." Appeal and Error, 3 Am. Jur., § 580, p. 218.

556

For the foregoing reasons we think the motion to dismiss the bill of exceptions should be denied, and it is so ordered.

*S. Landau* (*Landau & Fairbanks* on the brief) for the motion.

*R. G. Hogan* (also on the briefs) contra.