## REPUBLIC OF HAWAII vs. JOHN HAPA.

ROBBERY. EXCEPTIONS FROM FIRST CIRCUIT.

HEARING, DECEMBER 20, 1894. DECISION, FEBRUARY 22, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, WHO SAT IN- PLACE OF MR. JUSTICE FREAR, ABSENT ON ACCOUNT OF ILLNESS.

Affidavits on motion for a new trial showed expressions of opinion on the part of one of the trial jurors, which amounted to bias and prejudice against the defendant. Held, that this was sufficient ground for granting a new trial, it appearing that such ill-will was unknown to the defendant and his attorney at the time of the trial.

On the examination as to his qualification one of the jurors was asked if he could sit on the case and give a fair verdict according to the evidence, to which he answered, "yes sir, I am unbiassed, and would be governed by the evidence." Held, to be a sufficient examination as to his bias, and that it was immaterial that the question was asked by the prosecuting officer and not by the defendant's attorney.

The juror was not put upon his *voir dire* when examined in regard to his fitness to sit. Held, that it was sufficient if the defendant had reason to believe from the answers of the juror, that he could have a fair trial at his hands although he was not sworn.

A new trial will be granted when good cause is shown. Held, that under our practice a motion for a new trial is not addressed solely to the discretion of the trial judge, and the granting or refusing a new trial is ground for exception, and will be reviewed as such. Following *Kawai K. George vs. Hanakaulani Holt*, 9th Haw., page 135.

OPINION OF THE COURT, BY JUDGE COOPER.

The defendant was convicted of robbery, and his motion for a new trial was overruled.

At the hearing on the motion, three grounds were presented to support the claim for a new trial; first, that the verdict of the jury was contrary to the law and weight of

evidence; second, misconduct on the part of the jury and bias and prejudice on the part of certain members thereof; third, newly discovered evidence tending to prove the innocence of the defendant.

As to the first ground. Although we do not find that there was an abundance of proof of the defendant's guilt, yet the question having been submitted to the jury and there being some evidence to support their finding, we must hold that it was sufficient, as it is not outweighed by the evidence introduced on his behalf.

The consideration of the second ground involves the solution of several questions of law, as well as the determination of the sufficiency of the affidavits.

It was urged by the prosecution that the defendant had waived his right to object to the jurors, because he had failed to avail himself of his right to examine them as to any bias or prejudice that they might have against him, and that he cannot now claim that the jurors were disqualified, although the fact of their ill will was only ascertained after verdict; and further, that as the record shows that the jurors had not been put on their *voir dire* the result of their examinations could not be relied upon, to show that they incorrectly stated their qualifications to serve as jurors on the case. The defendant's answer to this position is that the necessary questions were put to the jurors by the prosecuting officer, and that he relied upon the answers elicited from the jurors, and was led to believe that they were impartial, and that he would have a fair trial at their hands, and that it was immaterial so far as the validity of the examination was concerned, whether they were under oath or not.

The rule seems to be well settled that where a disqualification exists in a juror which is either known to the party, or which might have become known upon a proper examination, then no exception lies if the juror is allowed to sit. It is a matter of challenge, and if the right is not exercised, the defendant cannot complain. The reason for this being that he may have allowed the juror to try the case for the express

purpose of having an exception should the verdict go against him.

The record shows that among others, the following question was put to Halualani, one of the jurors who is now objected to: " Q. Could you sit on this case and give a fair verdict according to 'the evidence? A. Yes, sir, I am unbiased, and would be governed by the evidence."

We think that this gave the defendant an assurance that the juror would give him a fair trial, and that it should not be taken against him that the question was asked by the prosecuting officer and not by his own attorney. To hold otherwise would necessitate the repetition of the same questions by the defense, as had already been put by the prosecution, and this it seems to us would be unreasonable.

If the defendant was made to believe by the juror that he was impartial and unbiased, and it should afterwards appear that the juror had answered untruly for the sake of retaining his position on the trial panel, then the defendant should not be made to suffer the consequences which may have resulted from having a person on the jury, who entertained ill will or bias against him. We find nothing in the long list of authorities presented by the prosecution against this position.

As to the sufficiency of the affidavits. The defendant must show affirmatively that he had no knowledge of the alleged bias or prejudice, and that he used due diligence in endeavoring to ascertain if such existed before the jury was sworn to try the case; and also, that the jurors had done something more than to make a loose expression of opinion as to his guilt. The acts of a juror must go far enough to show that actual ill will existed against the defendant. Do the affidavits in this case show all this? We think they do.

From the nature of the statements in the affidavits, it seems almost impossible that such a general feeling of hostility among the residents of Ewa, could exist against the defendant without his knowing it, but the affidavits of the defendant and his attorney are explicit on this point, and in

the absence of anything showing actual knowledge, we deem this ground sufficiently covered.

We find nothing in the affidavits which support the theory that Keomaka was disqualified, but as to Halualani, we think there is much to show that he was unfriendly towards the defendant, and that this feeling prompted his statements and may have influenced his actions while serving on the jury, and we do not feel like saying that the defendant had a fair trial with such a man on the jury who tried him.

In regard to the point that the juror was not sworn before being examined. In *State vs. Shelleby*, 8 Ia. 509, the court say: "If the juror had been examined before he was sworn and upon such examination had stated that he had not formed or expressed an unqualified opinion or belief that the defendant was guilty or not guilty of the offense charged, if it should afterwards appear that the juror had sworn falsely and that he had in fact formed or expressed an opinion that the defendant was guilty, we think it would afford good cause for granting a new trial. But defendant, to take advantage of such fact, must show by the record that the juror was examined on oath as to whether he had formed such opinion or belief, and if it is not shown that he was so examined it is no ground for a new trial that the juror's opinion was made up beforehand."

This rule seems to have been adopted in several other cases, and while we do not criticise the ruling we are of the opinion that our practice does not warrant its application in this case. In the large majority of cases in our trial courts, the jurors are examined as to their qualifications without being put on their *voir dire*, and we believe that an injustice would be done to say now that because the juror was not sworn his statement could not be relied upon for that reason.

We do not think that a sufficient showing has been made to support the claim for a new trial on the ground of newly discovered evidence.

It is contended for by the prosecution that this Court

should adopt the rule, that the granting or refusing a new trial is a matter resting in the sound discretion of the trial judge whose decision will not be reversed unless it is clearly shown that the discretion has been abused. It must be admitted that this appears to be the consensus of authority in the United States, but we prefer to follow the former decisions of this Court that it is a proper matter for exception and will be reviewed as such. See *Kawai K. George vs. Hanakaulani Holt*, 9 Haw. p. 135.

A new trial is ordered on the ground of bias and prejudice on the part of the juror Halualani.

*A. G. M. Robertson, Deputy Attorney-General*, for prosecution.

*W. A. Kinney*, for defendant.