F.  F.  PORTER  *v.*  HAWAIIAN  PORK  PACKING
COMPANY, Limited.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 27, 1899.          DECIDED JUNE 7, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

The court sustains a ruling of the trial judge granting a new trial for
    misconduct on the part of an attorney by persisting in his argu-
    ment, against the warning of the judge, in keeping the attention
    of the jury directed to the fact that at a former trial of the case
    the jury had found for his client and to the amount of damages
    so found, the trial judge being of the opinion that prejudice had
    resulted from the improper remarks notwithstanding his instruc-
    tion to the jury to disregard them.

OPINION OF THE COURT BY FREAR, J.

Plaintiff obtained a verdict for $1050.  Defendant moved
for a new trial on the ground of misconduct of plaintiff's attorney
in his argument to the jury.  A new trial was granted.  The case
now comes here on pliantiff's exceptions to the ruling of the
trial judge granting the new trial.

The facts as stated by the trial judge in his decision grant-
ing a new trial are as follows:

"In his opening address to the jury, Mr. Davis (Plaintiff's at-
torney) stated in substance, that this action had been already
tried once before another jury; that both Judge Carter and
Judge Stanley (Circuit Judges) had ruled upon the law in favor
of the plaintiff, and that the Chief Justice of the Supreme Court
in a dissenting opinion had agreed with Judges Carter and Sta-

ley but that the majority of the Supreme Court ruled otherwise (11 Haw. 468) and ordered a new trial, and that the first jury had rendered a verdict in favor of the plaintiff. At this point, Mr. Silliman, attorney for defendant, interrupted Mr. Davis, and, addressing the court, objected to the making of this statement to the jury, and to the statement of the history of the case and of what the first verdict had been, and asked that counsel be ordered to discontinue reciting the history of the case or of the verdict to the jury. After argument, in which Mr. Davis took occasion to reiterate in different form the statements objected to, the court sustained the objection and plainly instructed Mr. Davis that any statement of the past history of the case in court or of what the first jury did or did not do, was irrelevant and incompetent, and could not be allowed. Thereupon plaintiff's attorney asserted that he had a right to give the history of the case to the jury and that he would exercise such right as counsel in his closing address.

In his closing address to the jury, Mr. Davis read from the dissenting opinion of the Chief Justice the following:

'The plaintiff had the burden upon him and put on evidence to show that he did the work contracted for, in a good and workmanlike manner, as evidence to the jury that defendant was not in fact dissatisfied with plaintiff's performance of the contract, but that defendant's refusal to continue it, on the ground of dissatisfaction, was not bona fide; and on a new trial the same issue would go to the jury, to wit, whether plaintiff had performed his work properly as evidence as to whether the defendant was in fact satisfied with it. In my opinion, the direction of the court was harmless error.'

Counsel for defendant thereupon entered an objection to the reading of this portion of the dissenting opinion and to a recital of the history of the case, but the court informed him that it would correct the matter by means of appropriate instructions to the jury. Thereafter Mr. Davis made comments on the said portion of the dissenting opinion.

Mr. Davis further stated to the jury, in his closing address, that the first jury had rendered a verdict in favor of plaintiff for $957.40, that this was at the rate of a little less than $75 a month for 14 months, and that he expected this jury to find for the plaintiff in the full amount of $75 per month for 14 months. To all of this, the attorney for defendant arose to object, but by gesture I indicated my wish that Mr. Silliman should not in-

terrupt Mr. Davis' argument.  Mr. Davis in various forms and
with adroitness and insistence, kept the attention of the jury
before him directed to the fact that the first jury had found for
the plaintiff.

In my charge I instructed the jury, *inter alia*: ' What that
verdict was' (at the former trial) 'or what view of the evidence
the first jury took, or whether the Chief Justice dissented from
the opinion of the majority of the Supreme Court is absolutely
immaterial at this trial, and you must not allow any one of these
facts to weigh with you in the least, one way or the other, in
the consideration of this case.  You must base your verdict solely
upon the evidence before you, under the instructions which I
have given you."

The circuit judge granted a new trial because of the state-
ments of counsel with reference to the former verdict and in
his opinion says, among other things:

"Under these circumstances, the minds of the jurors may have
been easily influenced, whether consciously or unconsciously is
immaterial, by the statement of facts thus illegally made to them
by the attorney for the plaintiff.   Just to what extent their
minds were influenced, it is, of course, impossible to know de-
finitely, but that the statements did influence the jury, and re-
sulted in prejudice to defendant's case, I believe to be the fact.
The verdict in my opinion was an unjust one.   There was, how-
ever, just enough evidence in the case to make it obligatory upon
the court to leave the issue of fact to be determined by the jury,
and I am well aware that under such circumstances, the judg-
ment of the court cannot be substituted for that of the jury; but
the court can see to it that a verdict shall not stand where pre-
judicial error was committed during the trial by the court, or
where counsel have gone beyond the bounds of legitimate ar-
gument.   The charge of the court although intended for that
purpose, did not, in my opinion, cure the error committed in
not summarily causing counsel to desist from the illegitimate
argument."

It is well settled, and it is so conceded by plaintiff's counsel,
that it is improper for counsel to refer to a former verdict in
the case in his argument to the jury in the manner in which
this was done in this case.   To allow this would be to allow the

introduction of alleged facts which had not been and could not be introduced as evidence in the proper way, by the record or by the testimony of witnesses under oath, and which are irrelevant and immaterial and of a character naturally apt to prejudice the jury. It is settled also, as contended by plaintiff's counsel and shown by the numerous cases cited by him, that an error of this kind may be cured by an instruction by the presiding judge to the jury to disregard what was said by counsel with reference to the former verdict. Such would be the case ordinarily if the court should promptly interrupt counsel, the latter should thereupon cease his objectionable remarks, the court should properly instruct the jury to disregard them, and it should appear that no prejudice resulted from them. But is such the case here?

In this case it appears that counsel persisted in his improper conduct, it is not clear that no prejudice resulted, but on the contrary the trial judge was of the opinion that notwithstanding his instructions, prejudice did result. Much latitude is given to the discretion of the trial judge in cases of this kind. Under the circumstances we do not see how, on the authorities, we can reverse the ruling of the circuit judge granting a new trial. See *Evans v. Trenton,* 112 Mo. 390, 396, 404; *Rudolph v. Landwerlin,* 92 Ind. 34, 39, 40; *Cook v. Doud,* 14 Colo. 483; *Brown v. Swineford,* 44 Wis. 282.

The exceptions are overruled.

*G. A. Davis and L. A. Dickey,* for plaintiff.

*Magoon & Silliman,* for the defendant.