Syllabus.

HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA.

No. 1257.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED MAY 12, .1920.                    DECIDED MAY 19, 1920

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE BANKS
IN PLACE OF EDINGS, J., ABSENT.

TRIAL—*nonsuit.*

>    This court will not disturb the ruling of a circuit judge
> denying defendant's motion for a nonsuit at the close of plain-
> tiff's evidence in rebuttal in a jury-waived trial if the evidence
> would have justified submitting the questions of fact to a jury.

SAME—*same.*

>    To authorize the court to take the question from the jury the
> evidence must be of such a character that there is no room for
> ordinary minds to differ as to the conclusion to be drawn from it.

EVIDENCE—*sufficiency.*

>    A mere scintilla of evidence is insufficient to support a find-
> ing of fact and to amount to more than a mere scintilla the
> evidence must be of a character sufficiently substantial in view
> of all the circumstances of the case to warrant the jury (or
> judge) as trier of the facts in finding from it the fact to estab-
> lish which the evidence was introduced.

OPINION OF THE COURT BY KEMP, J.

This is an action in ejectment by Hannah Makainai
against her brother Solomon K. Lalakea to recover from
him the land described in her complaint and damages
for its retention. The defendant answered by general
denial and the cause came to trial before the circuit
judge jury waived. At the beginning of the trial and
before any evidence was introduced a stipulation was
entered into by the parties in open court as to certain

facts which were stated by the attorney for the defendant in substantially the following language: We admit that T. K. Lalakea mentioned in the declaration was in his life time and prior to the execution or alleged execution, or prior to the date of a certain deed dated March 6, 1915, which will be offered in evidence by defendant, seized of the pieces of land named in the declaration; that T. K. Lalakea died intestate on the 7th day of May, 1915; that Hannah Makainai was an heir at law of T. K. Lalakea, deceased. These stipulations are subject to an agreement by counsel that we may offer in evidence, and that there will be no objection to accepting in evidence, a certain deed purporting to be executed by T. K. Lalakea to Solomon K. Lalakea, bearing date March 6, 1915, and, according to the office of the registrar of conveyances in Honolulu, entered upon the 11th day of May, 1915, in liber 428, pages 122-127; and that that deed shall be considered by them as constituting a *prima facie* case upon the part of the defendant. This statement of the stipulation was agreed to by the attorney for the plaintiff with the further statement that the stipulation should contain the fact that the defendant is in possession of the land, which was agreed to by the attorney for the defendant. With this stipulation the plaintiff rested and with the introduction in evidence of the deed referred to defendant also rested. The plaintiff thereupon introduced certain evidence for the purpose of rebutting the validity of the deed introduced in evidence by the defendant, the evidence offered being directed to the questions of whether or not the deed in question was ever delivered to the defendant by T. K. Lalakea in his lifetime and whether or not the signature to said deed was in fact the signature of said T. K. Lalakea. It was then further stipulated that if the plaintiff is entitled to recover she is entitled to an

undivided one-eighth interest in the land in question.
Plaintiff having introduced her evidence on these issues
again rested and the defendant moved for a nonsuit
upon the following grounds: (1) That the plaintiff has
not presented any evidence herein in support of her
declaration; (2) that the plaintiff has not introduced
evidence sufficient to entitle her to a judgment by this
court in her favor; (3) that the plaintiff has failed to
sustain all the necessary allegations in her declaration.
The motion for nonsuit was overruled, to which ruling
an exception was taken by counsel for the defendant.
Defendant was thereupon at his request granted an inter-
locutory bill of exceptions which was transmitted to this
court.

.The interlocutory bill of exceptions presents only one
exception for the consideration of this court at this time,
namely, the exception to the overruling of the motion
for a nonsuit. This involves of course an examination
of the evidence introduced by the plaintiff to substantiate
her claim that the deed was never executed by her father
T. K. Lalakea, and if executed was never delivered to the
defendant.

The deed mentioned in the stipulation and intro-
duced in evidence by defendant bears date March 6,
1915. It purports to have been executed by T. K. Lala-
kea and is witnessed by D. Namahoe, and Solomon K.
Lalakea the grantee therein named. This deed was not
proven for record in the lifetime of the grantor but on
May 8, 1915, the day following the grantor's death, the
subscribing witnesses appeared before the circuit judge at
Hilo, produced said deed and made proof of its execution
in the manner required by the statute. With the circuit
judge's certificate of proof attached said deed was imme-
diately forwarded by the defendant to Honolulu to the
registrar of conveyances and entered of record on May

11, as stated in the stipulation. This made a *prima facie* case for the defendant both as to the execution and the delivery of the deed and placed the burden of going forward with the evidence as to these issues on the plaintiff. What then was the evidence produced by the plaintiff to overcome the *prima facie* case made by the defendant?

To begin with, in December, 1914, T. K. Lalakea had his attorney, Mr. O. T. Shipman, draft about a half dozen deeds among which was the deed in question. The other deeds were to various other of his children and if all had been executed and delivered would have disposed of all, or practically all, of his large and valuable estate. By far the greater part of his valuable lands were included in the deed to his son Solomon, the defendant herein. Mr. Shipman was at that time, and had been for a period of four or more years the regular legal adviser of Lalakea senior and was a notary public. Lalakea habitually went to Mr. Shipman to have his conveyancing done and to have his acknowledgments taken. It appears that after drafting these deeds Mr. Shipman delivered them to his client and at various times thereafter had conversations with him about the execution thereof, the last of which was about April 20, 1915. It is significant that one of these conversations took place on the 6th of March, the very day that the deeds purport to have been executed. What these conversations were the witness was not permitted to say. One of the other deeds drawn by Mr. Shipman at the same time he drew the deed in question was to the plaintiff and two of her sisters jointly. It is admitted that this deed was not delivered to the plaintiff personally by her father, but like the deed in question was proven for record by the same subscribing witnesses before the circuit judge on the day following the death of the grantor, and by the defendant sent to Honolulu for record. One of the other

grantees named in the deed to the plaintiff has also tes-
tified that it was never delivered to her but that some
two years after it was recorded was sent to her by
defendant. Mr. Shipman has testified that about ten
minutes before he heard of the death of Lalakea senior
the defendant came to his office "in a big fuss and
wanted me to go right over to Lalakea's residence, stat-
ing that he was in pilikia, in a bad way, and wanted me
to go over right away and go over to see about these
deeds—these half a dozen deeds I had originally drafted
and delivered to T. K. Lalakea. I asked him if Mr.
Lalakea was conscious to know what he was doing. He
did not think he was. Solomon didn't think he was
really conscious. I said it is no use for me to go, I
could not do anything for you. It is too late." Mr.
Shipman was unable to state whether the defendant
stated that he wanted him to have the old man sign
and take his acknowledgment or simply to take his
acknowledgment, but he states positively that he wanted
acknowledgments taken in connection with the deeds men-
tioned. It also appears from the evidence of the plaintiff
and her sister Mrs. Hewahewa that within one hour after
the death of their father the defendant went into the
room of their father's residence formerly occupied by
him, unlocked the drawers of his bureau and took there-
from a bundle of papers, wrapped them in a towel and
left the house. They state in effect that this bureau was
at all times kept locked by their father in his lifetime
and in it he kept his papers, money, etc.; that for a
short time prior to their father's death their brother
Solomon had been looking after their father's business
and during that time carried the key to said bureau, but
that he (Solomon) kept his papers in another room in a
writing desk. They did not attempt to say that the
papers taken from the bureau by Solomon at this time

included the deed in question but they both described the papers as being part white and part blue, which description corresponds with the deeds to the defendant and various other children, three of which are exhibits in this case. Then we have the further fact that on the day following the death of their father the son Solomon produced the deed to himself and the deeds to the other children before the circuit judge and had them proved for record and sent them to the registrar of conveyances for record without consulting any of the other grantees who have so far testified in this case. In addition to this line of testimony showing the actions of the defendant just before and just after his father's death three witnesses who knew the deceased well for a number of years before his death and who were familiar with his signature have testified just as positively as any witness could who gives his opinion that in their opinion the signature to the deed relied upon by the defendant is not the signature of T. K. Lalakea. These witnesses were thoroughly cross-examined on this branch of their testimony and each supported his opinion by as good reasons as could be expected in a matter of this kind. There were also produced several admitted genuine signatures of T. K. Lalakea which the witnesses compared with the signature to defendant's deed and pointed out points of difference. The circuit judge was also at liberty to make his own comparisons between the genuine signatures and the signature to the deed in question.

The defendant makes two contentions as to the sufficiency of the plaintiff's evidence to support her claims: (1) That the evidence as to the nondelivery of the deed to the defendant merely raises a suspicion and is not legally sufficient to support a finding that the deed was never delivered; (2) that opinion evidence is not legally sufficient to overcome the direct testimony of the sub-

scribing witness attached to the deed that it was executed and delivered in his presence.

It is important before proceeding to an application of the evidence to determine the rule of law by which the circuit judge is to be governed in ruling upon a motion for a nonsuit. It has been held many times by this court that a mere scintilla of evidence is insufficient to support a finding of fact and that to amount to more than a mere scintilla the evidence must be of a character sufficiently substantial in view of all the circumstances of the case to warrant the jury (or judge) as trier of the facts in finding from it the fact to establish which the evidence was introduced. (*Holstein v. Benedict*, 22 Haw. 441.) The circuit judge having overruled the motion for a nonsuit we are in the same position and must be governed by the same rules of law as would govern had the case been submitted to a jury for determination upon the facts, that is, if the court would have been justified in submitting the questions of fact to a jury the circuit judge's ruling will not be disturbed. The supreme court of Texas in *Lee v. Ry. Co.*, 89 Tex. 588 (36 S. W. 65), said: "To authorize the court to take the question from the jury the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." In *Mynning* v. *R. R. Co.*, 64 Mich. 93 (31 N. W. 147), the rule is stated thus: "If the circumstances are such that reasonable minds might draw different conclusions respecting the plaintiff's fault he is entitled to go to the jury upon the facts. The judge takes the case from the jury only when it is susceptible of but one just opinion." These cases are quoted with approval in *Joske* v. *Irvine*, 44 S. W. 1059, one of the cases upon which the defendant in this case strongly relies.

From a careful examination of the cases it appears

that it is the duty of the court to instruct a verdict though there be slight testimony if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the facts sought to be established. Such testimony in legal contemplation falls short of being any evidence. But it is the duty of the court to determine whether the testimony has more than that degree of probative force and if the court determines that it has the law presumes that the jury could reasonably infer therefrom the existence of the alleged fact.

We are then called upon to determine whether the testimony in this case does more than create a mere surmise or suspicion that T. K. Lalakea never delivered the deed in question to the defendant. We think that it does. It shows clearly that within a few minutes of the death of his father the defendant was seeking the aid of an attorney and notary public to have the deed acknowledged by his father; that within a very short time after his father's death he went into the room occupied by his father prior to his death and took therefrom papers which it might be inferred included the deed in question; it also shows that several other deeds were made by the same grantor at the same time, under the same circumstances, conveying other property to the defendant's brothers and sisters and that these deeds, or at least some of them, were never delivered. The evidence as to the genuineness of the grantor's signature is not without bearing upon this issue. If as might be found from the evidence of the three witnesses to which we have referred the deed was never executed by T. K. Lalakea this fact would have a strong bearing upon the question of the delivery or nondelivery of the deed.

On the question of whether or not opinion evidence is legally sufficient to overcome the testimony of the subscribing witness attached to the deed defendant relies

largely upon the case of *Mut. Ben. Life Ins. Co.* v. *Brown,* 32 N. J. E. 809, and the vice chancellor's opinion in the same case reported in 30 N. J. E. 193. The vice chancellor's decision is particularly relied upon for the contention of the defendant that the proof that the signature is not T. K. Lalakea's does not join an issue as to the execution of the deed in question because, as he says, the deed could have been signed by the hand of a third person at the request of the grantor and still have been his free act and deed. Whether this is true or not we need not decide as under the facts so far presented in this case the question of the validity of such a signature is not presented. The certificate attached to the deed in question recites that the subscribing witness testified that he saw T. K. Lalakea voluntarily sign and deliver the same. Until it is made to appear in some manner that the deed in question was signed by some one other than the grantor at his request we must assume that the defendant's claim is that the grantor himself signed it. It is apparent from a reading of the opinion of the full court in the case last above cited that it took that view of that case.

We think that if the opinion evidence in this case is sufficient to establish the fact that the signature attached to the deed in question is not the signature of T. K. Lalakea the circuit judge would be justified in finding that T. K. Lalakea never executed the deed. As said by Jones in his Commentaries on Evidence, Vol. 3, p. 597, "This kind of testimony may be so weak as to be unsafe to act upon, or so strong as, in the mind of every reasonable man, to produce conviction. But whatever degree of weight his testimony may deserve, which is a question exclusively for the jury, it is an established rule that, if one has seen the person write, he will be competent to speak as to such handwriting." The opinion

evidence in this case is as strong and positive as opinion evidence could well be that the signature to the deed is not the signature of T. K. Lalakea and would justify the circuit judge in finding as a fact that the deed was not executed by T. K. Lalakea.

Our conclusion is that the plaintiff has produced substantial testimony tending to establish both that the deed in question was never delivered and that it was not executed by the alleged grantor. The circuit judge therefore committed no error in denying the motion for a nonsuit and the exception thereto must be and is overruled.

*J. W. Russell* (*J. Lightfoot* and *Russell & Patterson* on the brief) for plaintiff.

*W. H. Smith* (*W. S. Wise* with him on the brief) for defendant.