## ALFRED C. MEDEIROS *v.* MARGARET UDELL.

### No. 2338.

ARGUED SEPTEMBER 9, 1938.          DECIDED OCTOBER 20, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE LE BARON
IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is an action on a case for personal injuries. Verdict was for the defendant. Plaintiff's exceptions present for review the denial by the trial court of his motion for a new trial upon the following grounds: 1. that the court erred in allowing the jury to continue their deliberations after they had requested that the reporter read certain of the testimony of the plaintiff, which request was not complied with due to the absence of the reporter; 2. that the jury were guilty of misconduct in their deliberations in that, against the specific instructions of the court, they conducted an experiment which was prejudicial to the plaintiff and which experiment and its result were considered by the jury in reaching their verdict. The alleged misconduct of the jury was not called to the attention of the trial court prior to verdict and then only upon the filing of the motion for a new trial.

This court of its own motion raised the preliminary question of whether it should consider the alleged error involving misconduct of the jury, the movant having failed to show affirmatively by his motion for a new trial or otherwise that the alleged misconduct was not known to the defendant's counsel before verdict.

The occasion of the alleged misconduct was a view by the jury of the *locus in quo*. Neither the trial judge nor counsel were present, the jury being in the custody of the

clerk under instructions of the court. The trial of the case had been concluded and the cause submitted to the jury. The jury had been taken to lunch at 12:03 p.m. and after lunch repaired to the scene of the accident. After view the jury were returned to the courthouse and retired to consider their verdict. The exact time at which the jury returned from the view does not appear. But the clerk's minutes admit of the inference that it was about 2:30 p.m. The verdict was returned the same day at 8:30 p.m. The plaintiff in his affidavit filed in support of his motion for a new trial averred that he had no knowledge of the facts constituting the alleged misconduct until after the verdict was returned by the jury. It nowhere appears, however, that his counsel were equally ignorant. The affidavit of the clerk of the court who accompanied the jury, filed by defendant in opposition to the motion, discloses that shortly after the jurors returned to the courthouse to deliberate upon their verdict he made a detailed verbal report to the judge who presided at the trial of what had occurred at the view, including the acts constituting the alleged misconduct, and recorded the same in his minutes. The minutes of the court contain a full and complete recitation of what occurred upon the occasion of the view, including the acts constituting the alleged misconduct. Their brevity is such that they were undoubtedly complete prior to verdict.

It is a general rule of practice that misconduct occurring upon a trial, whether by the jurors or others, must be brought to the attention of the court as soon as discovered and unless objected to, it cannot be relied upon as error upon a motion for a new trial. (*Whallen's Executor* v. *Moore*, 248 Ky. 348, 58 S. W. [2d] 601, 603, and cases cited.) And, where the misconduct is known to counsel, he cannot await verdict and then complain. (*Irvine* v. *Greenway*, 220 Ky. 388, 295 S. W. 445, 451.) Otherwise, it would

be possible for litigants, after learning of misconduct, to take their chances and if the verdict is against them to' thereafter complain of it. By silence, when the misconduct is known, the party complaining is estopped to assert error. (*McDaniel* v. *Morrison,* 42 S. W. [2d] [Tex. Civ. App.] 454.) Hence it is that where alleged misconduct of a jury upon the trial of a cause is asserted as a ground for a motion of a new trial it is incumbent upon the movant to affirmatively show that neither he nor his counsel were advised or had knowledge of the alleged misconduct prior to verdict. In the instant case there is a showing that the movant was not advised of the alleged misconduct prior to verdict. There is no showing however that his counsel were not advised or had no knowledge thereof prior to verdict. It was incumbent upon the movant or someone on his behalf to make an affirmative showing negativing such knowledge on the part of his counsel. In the absence of such a showing the motion for a new trial should not have been considered. (*Milbourn* v. *Bowman Bros. Realty Co.,* 9 S. W. [2d] [Mo. App.] 664.) It is not enough that the defendant did not know of the misconduct. If his attorney knew of the alleged misconduct and failed to call it to the attention of the court the error if any is waived. (*Mitchell* v. *Bruening,* 139 Ore. 244, 9 Pac. [2d] 811, 814.) A precedent which we deem analogous is the holding of this court in the case of *Rep. of Haw.* v. *Hapa,* 9 Haw. 622. There, a motion for a new trial was filed upon the ground, among others, of bias and prejudice on the part of one of the jurors alleged to have been unknown to the defendant. As to the sufficiency of the affidavits in support of a motion for a new trial, this court held that the defendant must show affirmatively that he had no knowledge of the alleged bias and prejudice. Obviously the reference to the defendant refers also to his counsel. Knowledge on the part of an attorney is imputable to his client.

The other ground of the motion, namely, that the court erred in allowing the jury to continue their deliberations after they had requested that the reporter read certain testimony of the plaintiff, which was not complied with due to the absence of the reporter, has little to commend it as a ground for setting aside the verdict in this case.

The request was communicated to the court at 5:20 p.m. It was merely that "certain testimony" of Mr. Alfred C. Medeiros be read to the jury. The portions of the testimony desired or the purpose of the request do not appear. The official reporter who reported the evidence of plaintiff was absent and the court immediately advised the jury through the bailiff that the testimony of the plaintiff was not then available. Apparently the jury was advised of the situation. Nevertheless the jury continued with their deliberations. In the meantime every possible effort was made to secure the presence of the official reporter who reported the required testimony but without success. Finally at 8:30 p.m. while the search for the missing reporter was still in progress the jury brought in their verdict.

The presiding judge's explanation of the circumstances is as follows: "The court was advised at approximately five o'clock that certain testimony was desired by the jury to be read to them and the court instructed the clerk to inform the bailiff to pass the word in to the jury that at the present time, being 5:30 or thereabouts, the reporter who had taken such testimony was not then available. The court further, thru its clerk, instituted a call to be put thru at various places in the city with a view to locate the reporter whose service it was that took down the testimony and the search was being continued for the availability of such evidence by the reporter and no further word came to the court subsequent to supper,—after the jury had been sent to supper at six o'clock,—no further

word came from the jury that they could not proceed further without the testimony. On the contrary the jury continued with its deliberations and the verdict has now been presented to the court at the request of the jury itself. * * * There was no indication from the jury that its deliberations were being blocked by the absence of such testimony. The court would certainly have instructed or requested the jury to withhold further deliberation if they could not proceed without it. Apparently the jury solved its own difficulty without any additional instruction or direction of the court as to their being required to finish the case regardless of that evidence."

The court did not refuse to have the desired testimony read to the jury. On the contrary it endeavored to comply with the request and was engaged in trying to locate the reporter when the verdict was returned into court. The only thing that the court could have done, that was not done, was to have forthwith suspended the deliberations of the jury until the desired testimony became available. But in our opinion the circumstances were not such as to require such action on the part of the court. It does not appear that the jury were in disagreement as to the testimony given by plaintiff or that they could not arrive at a verdict because of such disagreement. Whether the subject matter to which the request related was vital to the issues is unknown. There was nothing to indicate that the deliberations of the jury were being obstructed by the absence of the testimony. Apparently the desire to have the testimony of the plaintiff reread was not extreme. After the first request no further or additional requests were made. The jury no doubt concluded to continue their deliberations without the assistance that the rereading of the desired testimony might afford. Had the absence of this evidence prevented further deliberations, the jury no doubt would have voiced their insistence.

When a jury is deliberating the court reporter who reported the evidence should remain on call and available in case need is found for his services. The instant case shows a necessity of the observance of this rule. But the jury were not entitled to have this evidence read to them as of right. In the absence of statute requiring the use of the stenographic notes of the evidence, the refusal of the trial court to have read to the jury, upon the request of the latter, notes of the stenographer of testimony taken upon the trial is not error *per se*. The disposition of such request is a matter resting entirely in the sound discretion of the court. (64 C. J., T. Trial, § 840, p. 1045; *Texas & P. Ry. Co.* v. *Guidry,* 9 S. W. [2d] [Tex. Civ. App.] 284; *Isreal* v. *Fanchon & Marco,* 58 S. W. [2d] [Tex. Civ. App.] 774; *Metropolitan Life Ins. Co.* v. *Smith,* 181 S. E. [Ga. App.] 804, 807; *Patterson* v. *Phillips,* 216 Wis. 165, 256 N. W. 624, 627.) It is only when such discretion is abused that error may be alleged. Such a case is *Knipfer* v. *Shaw,* 210 Wis. 617, 246 N. W. 328. In that case the jury reported that they were unable to agree and they were compelled to return to the jury room without being enlightened by the reading of the testimony about which there existed a real dispute. But that is not the case at bar. As far as the record shows, the rereading of the desired testimony was merely to facilitate and shorten the deliberations of the jury and the official reporter being unavailable the jury concluded that a verdict could be fairly reached without it. The presumption is in favor of regularity and not against it. We find no error in the conduct of the trial judge.

The exceptions are overruled.

*S. Landau* (F. Patterson with him on the briefs) for plaintiff.

*E. A. O'Connor* (also on the brief) for defendant.