STATE OF HAWAII *v.* ORESTUS CAVNESS.

No. 4301.

MAY 9, 1963.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* The defendant-appellant was convicted after a jury trial of aiding and abetting in the commission of an act of prostitution in violation of R.L.H. 1955, § 309-30. As grounds for reversal, appellant urges that the evidence was insufficient to sustain the verdict and that misconduct of the prosecuting attorney in argument to the jury constituted prejudicial error.

The act of prostitution upon which the charge against the defendant is based was committed by a Theresa Barnes with one Ryan. The latter was the prosecution's chief witness. He testified that at about midnight on November 25, 1961, as he was walking on Smith Street in

Honolulu, he saw Theresa Barnes[1] (who had been engaged by him as a prostitute about three weeks before) sitting by the defendant in a barber shop; that she asked him if he wanted to talk to her and that when he said he did, she led him from the barber shop through an abandoned poolroom and then down a walkway for a short distance into a room in the rear of the premises. After he had paid her $20.00 she said she thought she heard someone or something outside, and she left the room. Later Ryan also left the room and went to the barber shop and saw the defendant, who told him to go back to the room and that Theresa Barnes would be there shortly. Ryan returned to the room and after a short while the defendant came into the room with Theresa Barnes. Defendant looked around the room and outside and told her he didn't see anything and "for her to turn the trick in the room—it was just as good as any room to turn the trick."[2] Ryan further testified that she asked the defendant if he would be a watchman for her and he said, "Okay, I will wait outside." Ryan said he had sexual intercourse with Theresa Barnes and that during the course of his relations with her she called out: "Cal, are you still there?" and that the defendant replied he was.

Three police officers were hiding in the building alongside the walkway opposite the room in which the act of prostitution occurred. Their testimony corroborated that of Ryan in many particulars, including his testimony respecting the defendant's activities in bringing Theresa Barnes back to the room, telling her there was nothing to be afraid of, assuring her that he would stand outside and watch for her, and in actually standing near the room while she had intercourse with Ryan. The defendant was

---

[1] Sometimes called Evelyn Barnes.

[2] One definition of "trick" given in Webster's Third New International Dictionary is: "A professional engagement of a prostitute." See also *People* v. *Vetri*, 178 Cal. App. 2d 385, 388.

arrested there when the police officers came out from their hiding place. One of the officers testified he heard her tell the defendant "She didn't want to turn the trick, she was afraid." And that defendant told her, "This room was just as good as any—to stay in the room there," whereupon she said, "Okay, Cal, I want you to stand outside and watch for me."

Defendant took the stand. He testified he knew Theresa Barnes had been accused of being a prostitute but that, "I couldn't very well say that I definitely knew she was a prostitute." He said he never thought anything of the fact "that Miss Evelyn Barnes took Ryan in the back." He denied being asked by Theresa Barnes to act as a watchman or that he did stand by in the vicinity of the room she and Ryan were in. He accounted for his presence there, when arrested, by asserting that he had gone back to close the door of another barber shop of his facing Pauahi Street, because a friend had told him a short time prior thereto that it was open.

In effect, it is argued that the evidence was insufficient to sustain the verdict in that the prosecution failed to prove the defendant knew Theresa Barnes was being paid, and there was therefore no evidence to support the charge.

It is clear from the prosecution's case that an act of prostitution was committed, that the defendant furnished the room and accommodations for the act, and that he was asked to stand by as a watchman and did so while it occurred. No stronger case of aiding and abetting is conceivable if knowledge of the fact that Theresa Barnes was accommodating Ryan on a commercial basis could be attributed to the defendant. Under the facts related and particularly when they are considered in light of the conversation between the prostitute and the defendant, we think the jury was clearly justified in so concluding. The verdict is therefore unassailable.

The second ground urged for reversal is based on the

trial court's denial of the defendant's motion for a mistrial predicated on the prosecutor's statement or question during the closing argument to the jury, "Why isn't Evelyn Barnes here to testify?" The court denied the motion but instructed the jury to disregard the prosecutor's remark.

Appellant is undoubtedly correct in contending that no unfavorable inference could be properly drawn from the fact that the defense had not called the prostitute as a witness since she stood in the position of an accomplice. See Annot. 5 A.L.R.2d 893, 942. However, even though the prosecutor's remark was improper, any harm that might have been caused by it was cured by the court's instruction to the jury. The nature of the remark and the circumstances in evidence are such as to call for the application in this case of the ordinary presumption that the jury abided by the court's admonition to disregard the statement. "The jury is sworn to render verdict according to law, and, by our statute, must receive the law from the Court. When the Court has instructed that something which they have heard is not to be considered by them, we must presume in favor of their oath and public duty." *Kaleleonalani* v. *Smith,* 4 Haw. 82, 86. See also *Territory* v. *Goto,* 27 Haw. 65, 97; *Saiki* v. *Lee Sing,* 27 Haw. 399, 414; 53 Am. Jur., *Trial,* § 506, p. 408. The impropriety complained of here was not of such a flagrant or serious nature as to warrant withdrawing the cause from the jury. *Cf., Porter* v. *Hawaiian Pork Packing Co.,* 12 Haw. 92, 95. The motion for mistrial was properly denied.

Judgment affirmed.

*Myer C. Symonds* (*Bouslog & Symonds* of counsel) for defendant-appellant.

*John H. Peters,* Prosecuting Attorney, City and County of Honolulu, and *George I. Hieda,* Deputy Prosecuting Attorney, for the State, plaintiff-appellee.