MARY RUTH YOUNG *v.* LOUIS P. PRICE AND
ALLEN L. SOUZA, INDIVIDUALLY AND DOING
BUSINESS AS PRICE CONCRETE TANK COM-
PANY, AN HAWAIIAN CO-PARTNERSHIP.

No. 4250.

SEPTEMBER 1, 1964.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF CASSIDY, J., WITH WHOM LEWIS AND
MIZUHA, JJ., JOIN.

In this action the jury returned a verdict awarding plaintiff $37,500.00 general damages and $424.90 special damages, for injuries sustained when she fell, on March 4, 1958, after stubbing her toe or stepping on a one-inch hose that defendants, while performing a construction job, had laid across a sidewalk in Waikiki. There was testimony that a warning cone had been placed near each edge of the sidewalk in the vicinity of the hose. One of them had a red flag protruding from it. The evidence pertaining to liability is related in detail in the opinion of the court on defendants' appeal from the judgment, reported in 47 Haw. 309, 388 P.2d 203, and in which it was held, with two justices dissenting, that the plaintiff was guilty of contributory negligence as a matter of law and that the trial court committed error in not granting the defendants' motion for a directed verdict. Judgment was reversed and remand for entry of judgment for defendants was ordered.

The gist of the court's holding is reflected in the statement appearing at pp. 322-323 of the opinion, as follows: "By failing to see—ahead of her on the sidewalk and in her direct line of vision—that which was obviously plainly in view, namely, the hose, cones and flag, ahead of her and in her direct line of sight, plaintiff failed to exercise ordinary care for her own safety, and was guilty of con-

tributory negligence as a matter of law. In failing to direct a verdict for the defendants at the close of all the evidence, the trial court committed reversible error."

No specific ruling was made on whether or not the evidence was sufficient to sustain a finding of negligence on the part of the defendants. In respect to that issue it was said (pp. 315-316) : "Whether in light of the extrinsic circumstances the precautions taken to prevent injuries to pedestrians using the sidewalk in a lawful and proper manner can be held, as a matter of law, to have relieved the defendants from liability is an exceptionally close question. However, even if it be assumed that there was sufficient evidence to go to the jury on the question of negligence, the plaintiff would not prevail, since we think that the question of liability finds a complete answer in the disposition of the second ground [contributory negligence] of the motions for a directed verdict made by the defendants."

Plaintiff's petition for rehearing was granted. 47 Haw. 408, 390 P.2d 141.

The basic rule governing the determination of whether there was sufficient evidence to take the contributory negligence issue to the jury is set out in the original opinion at p. 313, as follows: "[O]n motions for a directed verdict, the evidence and the inferences which may be fairly drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed and if the evidence and the inferences viewed in that manner are of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue, then the motion should be denied and the issue should be submitted to the jury." With that standard firmly in mind I have, upon further reflection following the rehearing, reached the conclusion, contrary to my original posi-

tion, that there was sufficient evidence for submission of the issue of contributory negligence to the jury.

As the court's opinion states, "there is no question that the presence of a hose on a sidewalk creates some risk or hazard to a pedestrian." (pp. 314-315). From this it follows that the defendants were required to take steps commensurate with the danger created, to warn or protect pedestrians using the sidewalk. Whether defendants properly did so appears to me to have been clearly a question for the jury. Further, my present view is that the question of plaintiff's contributory negligence is so inextricably entwined with and dependent on the issue of defendants' negligence that it also was properly submitted to the jury. While the evidence on each issue still appears to me to predominate in favor of the defendants, I am now unwilling to say that reasonable men might not differ on the facts or the inferences which may be reasonably drawn from the facts and reach different conclusions in resolving the two issues. These questions are undoubtedly close ones. Because they are, I think the benefit of doubt should be given to the plaintiff.

In short, I now am in agreement with the conclusion of the dissenting justices that the trial court did not commit error in denying defendants' motions for a directed verdict. However, as is stated in the dissenting opinion, a reversal with remand for a new trial is required because of other error.

The claim of error assigned to the denial of defendants' motion for a mistrial predicated on testimony given by the plaintiff as hereunder related must be sustained.

As a result of her fall on March 4, 1958, plaintiff suffered a fracture of the right arm, close to the shoulder. During the course of her direct testimony it was brought out that she had gone to a rehabilitation center for physical therapy in June and July 1958. Counsel thereupon

asked her if anything happened late in August. Plaintiff answered in the affirmative and proceeded to tell of a severe heart attack she had on August 15, 1958. She related the agonizing effect of the attack and testified that she was taken by ambulance to Queen's Hospital where she remained under treatment for 15 days. Defense counsel objected to the testimony and moved to strike it on the ground that there was no showing of any causal connection between the heart attack and the accident. The court stated it would take the objection under advisement "because it may be connected up," and added, "If it's connected up I'll overrule your objection. If it isn't connected up, just simply renew your objection, and it will be granted." To this plaintiff's counsel stated, "Fair enough, Your Honor."

Later in her direct testimony plaintiff, in response to her attorney's question as to whether anything "different than usual" had occurred in 1959, told of being hospitalized for gall bladder operations in July and in September, 1959. The defendants moved to strike the testimony for lack of any showing of a connection between the operations and plaintiff's falling on March 4, 1958. The ruling on the motion was similar to the provisional ruling made in respect to the motion to strike the testimony on the heart attack.

Plaintiff called five physicians. No attempt was made through any of them to establish a causal relation between the injuries suffered by plaintiff in her fall and either the heart attack or the necessity for the two gall bladder operations.

At the close of plaintiff's case defendants moved for a directed verdict which, as has been indicated, was denied. The court then mentioned the motions to strike, and counsel for plaintiff stated: "If Your Honor please, we aren't claiming for any damages for heart attack or gall

bladder. We aren't claiming any damages for those. Our suit is for the arm, broken arm, and we want the Court to know that right now. We aren't going to prove up these other ailments. That's one reason why we didn't go beyond the date we did in our statement of—in our testimony of damages, so maybe we can stipulate to it and save Mr. Conklin a lot of motions." Counsel for the defendants thereupon moved for a mistrial on the grounds that the evidence was prejudicial and beyond correction by admonition of the court. The motion was denied. Later, in the presence of the jury, the court ordered stricken and instructed the jury to disregard all testimony respecting the heart attack and the gall bladder operations. The ruling also included testimony relating to pre-existing bowel, colon, bladder and kidney ailments of plaintiff.

Ordinarily it may be presumed that a jury will abide by the court's instruction to disregard anything that has been improperly placed before it. *State* v. *Cavness,* 46 Haw. 470, 473, 381 P.2d 685, 686-687. The error is generally considered cured by the instruction. But an instruction not to consider incompetent testimony does not always cure the error. When the testimony is prejudicial to the opposing party's cause, the presumption prevails only if there is a reasonable certainty that the impression upon the jury could be or was dispelled by the court's admonition. The error is not cured when it is likely that the adverse effect of the improper testimony might not be eradicated by the instruction. See *Territory* v. *Corum,* 34 Haw. 167, 184; *Porter* v. *Hawaiian Pork Packing Co.,* 12 Haw. 92, 95.

The testimony of the plaintiff respecting her heart attack and the two gall bladder operations was vividly told by her and was of such a nature that it could not help but have evoked sympathy in the mind of an ordinary

person. It must have made a strong impression on the jury when given. It is highly doubtful that the impression, clearly prejudicial to defendants, was dispelled by the instruction to disregard the testimony.

Counsel's part in eliciting the testimony of his client and then permitting it to remain in the record after the motions to strike had been made aggravates the error. In accepting the provisional ruling on the motions to strike, plaintiff's counsel necessarily gave the court his assurance that he was prepared to prove causal relationship between the heart attack and the gall bladder trouble which made the operations necessary and the injuries sustained by his client from the fall. That he had no reasonable basis for giving that assurance must be assumed from his failure to make any attempt to offer the proof required to establish the admissibility of plaintiff's testimony. The tactics of counsel cannot be condoned or overlooked. We feel compelled to state that, even if the incompetent testimony elicited from the plaintiff had been much less detrimental to defendants than it was, we would not, on the trial record of this case, allow the error to stand and thus set a precedent that might be taken as militating against the professional standard of candor which proscribes an attorney from getting evidence before a jury which he knows or should know the court should reject.

It is our opinion that the circumstances here presented do not permit indulgence in the presumption ordinarily applicable and that, therefore, the trial court's denial of the motion for a mistrial was prejudicial error.

Defendants have assigned error to the trial court's ruling permitting plaintiff's counsel, over objection, to use the mathematical formula for computing damages for pain and suffering in his argument to the jury. The point is no longer open. In accordance with this court's holding (with one justice dissenting) in *Franco* v. *Fujimoto*, 47

Haw. 408, 390 P.2d 740, decided after this appeal was submitted, allowance of the argument was prejudicial error.

Another error assigned by the defendants is on the court's refusal to give their Requested Instruction No. 17 which reads: "General human experience justifies the inference that when a person looks in the direction of an object clearly visible, he or she sees it. When there is evidence to the effect that a person did look but did not see that which was in plain sight, it follows that either some part of such evidence is untrue or that the person was negligently inattentive."

We find no error in the refusal to give the instruction. The instruction is confusing. It is also too heavily loaded to constitute a fair presentation of defendants' theory of their contributory negligence defense. As worded, it could easily be taken as a direction from the court that the hose was to be considered an object that was clearly visible to plaintiff. This of course was one of the basic questions of fact for the jury to decide. The instruction also strongly intimates that the jury could conclude from the mere fact that there was some evidence to the effect that the plaintiff looked but did not see the hose, that she was contributorily negligent as a matter of law. Whether plaintiff's failure to see the hose constituted negligence required consideration of other facts in evidence, including the attendant weather conditions and the sufficiency of the warning devices set up by the defendants. Under such circumstances, whether looking without seeing was negligence was a question of fact for the jury and it would have been error to tell them, as the instruction in effect does, that looking without seeing could, in itself, be considered negligence as a matter of law.

Defendants also offered as an alternative to Instruction No. 17 their Requested Instruction No. 17 A. The

modified instruction contained the same defects existing in Instruction No. 17, and was properly refused.

Defendants urge that the trial court committed error in refusing to grant a new trial on the ground that the verdict was excessive. Since the case is to be re-tried, there is no necessity of ruling on the point.

The remaining assignments of error cover many features of plaintiff's closing argument which are contended to constitute misconduct. No objections were made during the trial to the portions of the argument now attacked. They were raised for the first time on defendants' motion for new trial. None of the statements which might be considered improper were of such a nature that they could not have been cured by the court's intervention if timely objection had been made. The failure to make objections to the argument of plaintiff's counsel precludes our consideration of the contended errors in accordance with the fundamental rule that misconduct occurring upon a trial must be brought to the attention of the court when it occurs or is discovered, and unless objected to cannot be relied upon as error upon a motion for new trial or upon appeal. See *Lindeman* v. *Raynor,* 43 Haw. 299, 301; *Medeiros* v. *Udell,* 34 Haw. 632, 634; *Territory* v. *Young,* 32 Haw. 628, 644; *Smith* v. *Laamea,* 29 Haw. 750, 762.

Justices Lewis and Mizuha having joined in this opinion, it is the ruling of the court that the judgment entered in the trial court is reversed and the cause is remanded for a new trial.

*Donald A. Beck* (*Smith, Wild, Beebe & Cades* of counsel) for defendants-appellants.

*Ralph E. Corey* (*Clark & Corey* of counsel) for plaintiff-appellee.

DISSENTING OPINION OF WIRTZ, J., WITH WHOM
TSUKIYAMA, C. J., JOINS.

Were I able to conclude, as does the majority, that there was sufficient evidence for submission of the issue of contributory negligence to the jury, I could whole-heartedly agree with the remainder of the opinion of the majority in dealing with the other assigned errors as therein set forth. As it is, I must respectfully enter my dissent since I still hold to the conviction that, for the reasons set forth in the court's original opinion, reported in 47 Haw. 309, 388 P.2d 203, the record in this case warrants and requires the finding plaintiff was guilty of contributory negligence as a matter of law.