MARY RUTH YOUNG *vs.* LOUIS P. PRICE AND
ALLEN L. SOUZA, INDIVIDUALLY AND DOING
BUSINESS AS PRICE CONCRETE TANK COM-
PANY, AN HAWAIIAN CO-PARTNERSHIP.

No. 4531.

JULY 22, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* Defendants-appellees have moved to
strike from plaintiff-appellant's Opening Brief Specifica-
tion of Error 1, and all references thereto and argument
thereon contained in that brief.

The specification of error asserts that this court erred
when it ordered a new trial upon the previous appeal in
this case, *Young* v. *Price,* 48 Haw. 22, 395 P.2d 365. The
specification is directed to that portion of the opinion
which concludes that the trial court's denial of the de-
fendants' motion for a mistrial, made upon the first trial
of this case, was prejudicial error (48 Haw. at 27-28, 395
P.2d at 368-69). The new trial held pursuant to the
remand resulted in a verdict for defendants. Plaintiff-
appellant seeks to have the original judgment, rendered
prior to the first appeal, reinstated. She asserts, as stated
in her Specification of Error 1, that this court "erred when
it granted and ordered a new trial upon grounds not
previously known to the common law or to the law of

Hawaii and therefore violated the due process and equal protection of the laws clauses of the 14th amendment, and the 7th amendment to the federal constitution."

After we rendered the opinion reported at 48 Haw. 22, 395 P.2d 365, there was no petition for rehearing. Plaintiff as appellee in that case did not argue in her brief on a constitutional basis but did argue that "a discretion vested in a trial court and exercised by it will not be disturbed on appeal, unless a plain abuse affirmatively appears." Plaintiff at this time seeks to put her argument on a constitutional basis. Relying on the doctrine of *Williams* v. *Georgia*, 349 U.S. 375, 383, she contends that we have discretion to entertain the constitutional claim though belatedly presented. It is true that we are not wholly without power to review our previous holding that a new trial was called for. *Cf., Von Holt* v. *Izumo Taisha Kyo Mission,* 44 Haw. 147, 151, *aff'd on rehearing,* 44 Haw. 365, 355 P.2d 4043. But it is the exceptional case in which the court will depart from the law of the case established on a previous appeal. *Glover* v. *Fong,* 42 Haw. 560, 578.

This is not an exceptional case. It is frivolous to argue that a denial of a constitutional right occurred when this court found prejudicial error in the denial of defendants' motion for a mistrial. The doctrine of the law of the case is fully applicable. On the former appeal defendants argued in no uncertain terms that "this irrelevant, sympathy-kindling evidence was specifically and deliberately elicited by plaintiff's counsel through pointed or leading questions." Plaintiff had her day in court on the matter. Other considerations aside, this element of the case, taken up in our former opinion at p. 28 of the official report (48 Haw. 22, 28, 395 P.2d 365, 369) would be controlling. This court has the power and duty to protect litigants against the conduct of a case in the manner shown by the record of the first trial, and that power and duty are not limited to criminal proceedings. *Cf., New*

*York Cent. R.R.* v. *Johnson,* 279 U.S. 310, 318; *Colmar* v. *Greater Niles Township Publishing Corp.,* 13 Ill. App. 2d 267, 272-74, 141 N.E.2d 652, 655.

Morever, there was further prejudicial error on the first trial in permitting use of a mathematical formula for computing damages for pain and suffering in the argument made by plaintiff's counsel to the jury (48 Haw. at 28-29, 395 P.2d at 369). Plaintiff really is making a belated contention that the new trial should have been limited to damages. As we held in *Cozine* v. *Hawaiian Catamaran, Ltd.,* 49 Haw. 267, 414 P.2d 428, *denying rehearing in* 49 Haw. 77, 412 P.2d 669:

> "The power to limit the new trial to the question of damages of course exists, but whether we should do so rests in our judicial discretion."

We further pointed out in note 2:

> "Not to be overlooked is the sympathy which is evoked in a jury by evidence as to a plaintiff's injuries and suffering. It is only practical to recognize that the effect thereof may spill over into the liability area. *Cf., Moss* v. *Associated Transp., Inc.,* 344 F.2d 23, 25-6 (6th Cir.). Where there is anything that smacks of misconduct in connection with the evidence as to plaintiff's injuries and suffering, the court surely has discretion to prevent plaintiff from taking advantage of it by retaining intact the verdict of liability, possibly evoked by the sympathy caused by such evidence. So, in *Young* v. *Price,* 48 Haw. 22, 395 P.2d 365, we remanded for a complete new trial though the errors went to the damages."

We adhere to that position.[1]

---

[1] In regard to our discretion to remand for a complete new trial instead of limiting the new trial to damages, plaintiff again makes the argument that: "Where the reasons for sending the case back for a new trial have not hitherto been known to the law of Hawaii, such a grant of the new trial deprives that individual litigant of his rights to a jury trial." We have characterized this argument as frivolous.

The motion is granted.

*William L. Fleming* (*Smith, Wild, Beebe & Cades* of counsel) for motion.

*Helen B. Ryan* (*Clark, Corey, Robinson, Ryan & Ryan*), contra.