BIBIANA ORALLO, Plaintiff-Appellant, *v.* MOSES DeVERA, Defendant-Appellee

NO. 6655

DECEMBER 2, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

Plaintiff-Appellant appeals a jury verdict in favor of defendant-appellee.

Plaintiff contends (1) that the court erred in not granting plaintiff's motion for directed verdict; (2) that the evidence is insufficient to support a verdict in defendant's favor; and (3) that parts of the verdict were inconsistent with each other. We disagree and affirm.

In 1971 plaintiff and her husband wanted to purchase a house and lot situate at 2609 Kalihi Street for $67,000.00. They had $25,000.00 cash available. They wanted to borrow the remaining $42,000.00 but were unable to qualify for the loan. They needed a co-signer. Plaintiff asked defendant, who is her son by a prior marriage, to accommodate her. She

testified that she promised that he could live in the house and if and when she sold the house he would be entitled to half the profit. Defendant testified that he agreed to co-sign after plaintiff promised him that plaintiff and her husband would live downstairs, that he and his prospective bride could live upstairs and that he would be a partner; that when he saw that the deed from the sellers gave title one-fourth (¼) to plaintiff, one-fourth (¼) to plaintiff's husband and one-half (½) to defendant, all as tenants-in-common, he asked his mother for an explanation and it was explained to him by his stepfather in his mother's presence that this was being done in consideration of what he had done and was doing for them. The real estate mortgage[1] signed by plaintiff, plaintiff's husband, and defendant stated the title as it appeared in the deed. Plaintiff testified that she was unaware to whom the deed gave title.

In 1976 plaintiff filed a complaint against defendant alleging that defendant fraudulently caused one-half (½) of the title to be placed in his name and asking the court (1) to declare that defendant holds title under a constructive or resultant trust, (2) to require defendant to convey the one-half (½) interest to plaintiff, and (3) to award plaintiff $25,000.00 punitive damages plus costs and attorney's fees.

The jury answered the special verdict form provided to it as follows:

> We, the Jury, find that the intent of Mrs. Orallo in connection with the purchase of the Kalihi Street property was as follows:
>
> 1. Mrs. Orallo intended to give to her son one-half of the profits upon sale of the Kalihi Street property.          NO.
>
> 2. Mrs. Orallo intended to give one-half of the property to her son at the time of purchase.          YES.

---

[1] Plaintiff and her husband paid off the mortgage in 1973.

3. Mrs. Orallo intended to give a partnership
   interest to her son.                          YES.
   If the answer is "Yes," then
   answer the following questions:
   (a) Was the partnership to include
       one-half of the profits?                  NO. ·
   (b) Was the partnership to include
       one-half of the property?                 YES.
4. Mrs. Orallo intended to give one-half of
   the property to her son upon her death.       NO.
5. In the event the answer to Question
   No. 2 or Question No. 3(b) is "Yes,"
   then answer the following question:
       Question: Was Moses DeVera in a
       trust and confidential relation-
       ship with Mrs. Orallo and, did
       Moses DeVera abuse this trust and
       confidence, or did Moses DeVera
       exert undue influence upon Mrs.
       Orallo and thereby cause Mrs.
       Orallo to pay off the mortgage?           NO.
       If the answer is "Yes," what
       amount is Moses DeVera obligated
       to reimburse Mrs. Orallo for
       having paid off the mortgage?

Thereupon the court entered judgment in favor of defendant and plaintiff appealed.

## I.

Plaintiff contends that the trial court erred in not granting plaintiff's motion for directed verdict at the close of all the evidence. We disagree.

On a motion for a directed verdict, the evidence and inferences which may be fairly drawn therefrom must be considered in the light most favorable to the non-moving party, and if the evidence and inferences so viewed are of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon

the crucial issue, then the motion should be denied and the issue submitted to the jury. *Young v. Price*, 47 Haw. 309, 388 P.2d 203, *rehearing* 48 Haw. 22, 395 P.2d 365 (1963).

In applying this standard to the state of the record confronting the trial court on plaintiff's motion for a directed verdict, the conclusion that the motion was properly denied is inescapable. Credibility was the decisive issue. Viewing the evidence in the light most favorable to defendant, plaintiff's testimony was not credible, and without belief in her testimony, she could not prevail. The issue of credibility is for the jury to decide. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURES, § 2527. *Striker v. Nakamura* 50 Haw. 590, 446 P.2d 35 (1968). The jury was entitled not to believe plaintiff's evidence and if that was their conclusion they were entitled to find against her.

## II.

Plaintiff contends that even if the credibility issue is determined against plaintiff and in favor of defendant the evidence was insufficient to support a verdict in defendant's favor. Again we disagree.

The plaintiff cites two cases, *Kametani v. Okuhama*, 28 Haw. 458 (1925) and *Makainai v. Lalakea*, 25 Haw. 470 (1920), as authority for the rule "that a mere scintilla of evidence is insufficient to support a finding of fact and that to amount to more than a mere scintilla the evidence must be of a character sufficiently substantial in view of all the circumstances of the case to warrant the jury (or judge) as trier of the facts in finding from it the fact to establish which the evidence was introduced." *Makainai* at 476. The defendant cites *Lyon v. Bush*, 49 Haw. 116, 412 P.2d 662 (1966), *Striker v. Nakamura, supra*, as authority for the same proposition.

There is no doubt plaintiff has correctly stated the rule. She errs, however, in its application.

All the cited cases involve defendants complaining about verdicts in favor of plaintiffs. This case involves a plaintiff complaining of a verdict in favor of defendant. Although there is some confusion because of the special verdict form, the

issue really decided by the jury was that plaintiff had not satisfied her burden of proof. The defendant was not required to satisfy a burden of proof. It therefore cannot be said that he failed to produce evidence sufficient to support a verdict in his favor.

Moreover, even though he had no burden of proof, defendant's testimony, if believed, was sufficiently substantial to support the jury verdict in his favor.

### III.

Plaintiff contends that the jury's finding that plaintiff intended to give one-half (½) of the property to the defendant at the time of purchase and that she intended to give a partnership interest to the defendant is an inconsistent finding. We disagree.

In view of the jury's finding that the partnership was not to include one-half (½) of the profits but rather one-half (½) of the property, it is clear that the jury concluded that partners meant persons associated with one another in some activity of common interest and thus that co-owners were partners. We find no error or inconsistency in such a finding.

Affirmed.

*Frank K. H. Kim (Bruce M. Ito* with him on the briefs) for plaintiff-appellant.

*Edward Y. N. Kim* for defendant-appellee.